**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**


| | | |
|---|---|---|
| **GARY BURKE, individually and on behalf of the wrongful death class** | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| **AND** | ) | |
| | ) | |
| **THE ESTATE OF NOAH BURKE, DECEASED,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:22-cv-6** |
| | ) | |
| **BUTLER COUNTY MISSOURI,** | ) | |
| Serve at: | ) | |
| **100 N. Main Street** | ) | |
| **Poplar Bluff, MO 63901** | ) | |
| | ) | |
| **BUTLER COUNTY MISSOURI SHERIFF'S OFFICE,** | ) | |
| Serve at: | ) | |
| **200 Oak Street** | ) | |
| **Poplar Bluff, MO 63901** | ) | |
| | ) | |
| **MARK T. HOBBS, individually and in his official capacity as Sheriff,** | ) | |
| Serve at: | ) | |
| **200 Oak Street** | ) | |
| **Poplar Bluff, MO 63901** | ) | |
| | ) | |
| **MICHAEL JONES, individually and in his official capacity as jail administrator,** | ) | |
| Serve at: | ) | |
| **200 Oak Street** | ) | |
| **Poplar Bluff, MO 63901** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **SAMMI ESSAFITSCHERNING Individually and in his official capacity** | ) | |

```
as a jail supervisor,                          )
Serve at:                                      )
200 Oak Street                                 )
Poplar Bluff, MO 63901                         )
                                               )
                          Defendants.   )
```

## COMPLAINT

**COMES NOW** Plaintiff Gary Burke personally and on behalf of the wrongful death class and as the Administrator of Estate of Noah Burke and through the undersigned counsel, and for Plaintiffs' petition for damages against Defendants states and alleges as follows:

1.      This is a civil action arising under 42 U.S.C. §§ 1982 and 1983, the Missouri Wrongful Death Statute R.S.Mo. § 537.080 and common law theories of recovery for deprivations of Plaintiffs' rights and for state law claims against all Defendants.

2.      Plaintiff Gary Burke is the father of Decedent Noah Burke and he resides in Poplar Bluff, Butler County, Missouri.

3.      Plaintiff Estate of Noah Burke [hereafter "the estate"] stands in the stead of the deceased, Noah Burke for those rights that cannot be asserted by Plaintiff Gary Burke.

## JURISDICTION

4.      This cause of action against Defendants rises out of the death of Decedent Noah Burke on or about December 19, 2020, while a county jail detainee in the custody of the Butler County Jail in the city of Poplar Bluff, Butler County, Missouri.

5.      Under Missouri law the Butler County Sheriff is responsible for all aspects of the Butler County Jail, including its staff, maintenance, operation, and safety of the detainees.

## VENUE AND COLOR OF LAW

6.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in Butler County, Missouri, which is located in the U.S. District Court, Eastern District of Missouri, Southeastern Division.

7.     Defendant Butler County Missouri Sheriff's Office is a political subdivision of the State of Missouri and is a person for the purposes of 42 U.S.C. § 1983 actions of damages and acted under color of state law, Federal law and the Constitutions of Missouri and the United States of America.

8.     Defendant Butler County Missouri is a political subdivision of the State of Missouri and is a person for the purposes of 42 U.S.C. § 1983 actions of damages and acted under color of state law, Federal law and the Constitutions of Missouri and the United States of America.

9.     Defendant Mark T. Hobbs is at all relevant times herein, a natural person who was the Butler County Sheriff and as such was in charge of Defendant Butler County Sheriff's Office and the Butler County Jail and acted under color of state laws, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including Butler County and Butler County Sheriff's Office, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America and was at no time acting as an officer or agent of the State of Missouri.

10.     Defendant Michael Jones is at all relevant times herein, a natural person who was the Butler County Jail Administrator at the time of the incident and as such an employee/agent working under the direction and control of Defendants Butler County Sheriff's Office and Butler County Missouri and acted under color of state laws, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including Butler County and

Butler County Sheriff's Office, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America.

11.     Defendant Sammi Essafitscherning is at all relevant times herein, a natural person who was a Butler County Jail supervisor and as such an employee/agent working under the direction and control of Defendant Butler County Sheriff's Office and Butler County Missouri and acted under color of state laws, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including Butler County and Butler County Sheriff's Office, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12.     On or about December 14, 2020, Decedent Noah Burke [hereafter "Decedent Burke"], a 35-year-old healthy adult man, was on probation for failure to pay child support.

13.     On said date Decedent Burke was dropped off at the office of his probation officer and taken into custody based on an alleged probation violation and booked into the Butler County Jail ["the jail"] as a detainee.

14.     Decedent Burke had a possible past history of drug abuse, but there is no evidence that he was under the influence of a controlled substance at the time he was taken into custody.

15.     When Decedent Burke was processed and admitted into the jail, he was searched by jail staff and no contraband, including illicit drugs or drug paraphernalia, was found.

16.      Decedent Burke's incarceration in the jail was without incident or issue until the evening of December 18, 2020 — 4 days after he was placed into custody — when it was observed that Decedent Burke was acting oddly, sweating profusely, disrobing, and appearing generally unwell.

17.     According to jail staff, Decedent Burke was placed in an "observation room" at around 1800 (6:00 p.m.) on December 18, 2020, based on purported concerns about his psychological state and the safety of other detainees. The "observation room" is a small room that is also known as "solitary" by some.

18.     According to jail staff, at around midnight Decedent Burke was acting even more unusual and "oddly" and was, among other things, attacking the block walls of the cell and making preposterous threats. Shortly thereafter, Decedent Burke was placed into a restraint chair which was located in a tiny room – essentially just large enough for the chair – for his "own safety."

19.     Decedent Burke was forced into a SureGuard Correctional Safety Restraint Chair; jail staff handcuffed his wrists and ankles to the chair and strapped his arms, torso, and shoulders down, thus fully restricting his movements and essentially rendering him helpless other than the noises he could make to call for help.

20.     The manufacturer of the SureGuard Correctional Safety Restraint Chair has a warning that states:

> *Violent behavior may mask dangerous medical conditions therefore **detainees must be monitored for and provided with medical treatment if needed**. Detainees **should not be left in the SureGuard Correctional Safety Restraint Chair for more than <u>two hours</u>**. This time limit was established to allow for the detainee to calm down, and if needed it allows for the correctional staff to seek medical or psychological help for the detainee. This two hour time limit may be extended, but only under medical supervision (Doctor/Nurse). **This extended time period must not exceed <u>eight hours</u> and range of motion exercises must be performed regularly.** Therefore, we do not recommend anyone be left in the SureGuard Correctional Safety Restraint Chair for more than ten hours total.*

21.     From December 18, 2020, at 0800 (6 p.m.) until December 19, 2020, at 0600 (6 a.m.) the jail contained about 140 detainees and the staff included (1) a supervisor (Defendant Essafitscherning) and (2) one other staff (Officer Roy Bolen) who had only worked at the jail

about a month. Officer Bolen was responsible for, among other tasks, detainee safety, counting the detainees, giving the detainees prescription medication, and booking in new detainees. Officer Bolen claims that when he left the jail at the end of his shift at 0700 (7 a.m.) on December 19, 2020, he heard Decedent Burke talking, but did not see him at that time.

22.     Officer Lucas Nierman claims he found Decedent nonresponsive in the restraint chair when he conducted his morning rounds that purportedly commenced at around 0545 (5:45 a.m.) the morning of December 19, 2020.

23.     Officer Taylor Whiteley claims he observed Decedent Burke in the restraint chair at 0600 (6:00 a.m.) the morning of December 19, 2020 and Decedent Burke was alive but it appeared that Decedent Burke was "high on something."

24.     At no time during the evening of December 18, 2020, or the next day was Decedent Burke ever seen or evaluated by medical staff regarding the aforementioned psychological or medical condition or use of the restraint chair. At no time were range of motion exercises performed on/with Decedent Burke. At no time was he removed from the chair for any reason until after he had died.

25.     The morning of December 19, 2020, EMS was called at 0729 (7:29 a.m.) and was on scene by 0731 (7:31 am). EMS was told by jail staff that Decedent Burke had been placed in the restraint chair at 1630 (8:30 p.m.) on December 18, 2020, and that he had been in the restraint chair for about thirteen hours. EMS crewmember Christopher Lawson thought it was odd that the patient (Decedent Burke) showed signs of rigor mortis which usually takes substantial time to be present once a patient dies.

26.     Decedent Burke was pronounced dead on December 19, 2020, at around 0742 (7:42 a.m.).

27.    An Autopsy was performed on Decedent Burke that concluded that he likely died from a drug overdose from methamphetamines and fentanyl.

28.    Based on the circumstances it is almost certain that the lethal dose of drugs was introduced into Decedent Burke's body while he was in the custody of the Butler County Jail.

29.    It should have been obvious to Butler County Jail staff that Decedent Burke was experiencing a medical emergency that required the immediate attention of medical professionals, and that strapping Decedent Burke to a restraint chair was the worst possible thing they could have done under the circumstances and constituted excessive force and a reckless indifference for the wellbeing of Decedent Burke.

30.    Even if the use of the restraint chair would have been appropriate under the circumstances — which it was not — once Decedent Burke was placed in the restraint chair he should have been monitored and only placed in the chair for a maximum of two hours.

31.    It has been clearly established that a pretrial detainee has a right to be free from deliberate indifferent denials to emergency medical care. *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016).

32.    The denial of freedom of movement and toilet privileges for several hours constituted cruel and unusual punishment.

33.    Had Decedent Burke been taken to the Hospital in a timely manner, more likely than not he would have been successfully treated for the drug overdose and he would have lived.

**COUNT I**
**(Estate of Burke v. All Defendants)**

**VIOLATIONS OF 42 U.S.C. § 1983, THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUION, AND STATE AND FEDERAL LAWS FOR DELIBERATE INDIFFRENCE TO SERIOUS MEDICAL NEEDS AND FAILURE TO PROVIDE MEDICAL CARE BY ALL DEFENDANTS**

34.     Plaintiff the Estate of Burke re-allege all of the preceding paragraphs as if set forth fully herein.

35.     Defendants had a duty under 42 U.S.C. §1983 and the 8th Amendment of the United States Constitution as applied to the State of Missouri and its political subdivisions through the 14th Amendment of the U.S. Constitution, to provide Decedent Burke, a pre-trial detainee, with appropriate medical evaluations, necessary medical treatment and care.

36.     Defendants knew that the Decedent had a possible history of drug addiction and was experiencing a likely drug overdose or some other medical emergency, and there was an obvious and substantial risk that Decedent, if left untreated, would suffer serious injury or death, that such injury or death was reasonably foreseeable, and that the threat of injury or death was imminent and immediate.

37.     Defendants knew or should have known that Decedent Burke required medical intervention to treat his medical condition.

38.     Decedent Burke was at the sole mercy of the Butler County jail staff to allow him proper medical care.

39.     Defendants had a duty to provide medical assessment and treatment, yet none was provided.

40.     Decedent Burke suffered from both an objectively and a subjectively substantial risk of serious harm while under the care and custody of Defendants, and said Defendants reacted to this risk in an objectively and subjectively unreasonable manner.

41.     Defendants herein failed and refused to provide Decedent Burke with access to the toilet or any opportunity to stand, move about, or stretch his limbs; and instead, intentionally

and maliciously kept Decedent fully restrained in a chair and thus rendered him completely helpless for several hours.

42.     The death of Decedent Burke is the direct and proximate result of the deliberate indifference to Mr. Burke's medical needs and thus resulting denial of care by the Defendants.

43.     Defendants herein acted with deliberate indifference to Decedent Burke's medical needs, exposing him to a sufficiently substantial risk serious damage to his health, which ultimately culminated in Decedent Burke's untimely and preventable death.

44.     By refusing to provide Decedent Burke with proper medical care, Defendants herein deprived Decedent Burke of his right to medical care and treatment, in violation of 42 U.S.C. § 1983 and the 8th and 14th Amendments to the Constitution of the United States, and exhibited a callous and deliberate indifference to, and a reckless and conscious disregard for, his serious medical needs, including but not limited to denying him access to intensive and structured medical evaluation, care, treatment, and observation necessary to address serious medical needs and prevent suffering and death.

45.     Taken in total, Defendants' behavior as described in this, and every Count of this Complaint, shocks the conscience.

46.     As a result of the actions and failures to act by the Defendants, Plaintiff Estate of Burke is entitled to such damages as are fair and just for the pain, suffering and death of Decedent Burke and the loss thus occasioned, including but not limited to the pecuniary losses suffered by the death of Decedent, funeral expenses, and the reasonable value of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support; further including the loss of services, attention, advice, protection, earnings, and other value of

9

benefits which would have been provided by Decedent Burke during the remainder of his expected lifetime.

## Compensatory Damages

47.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of compensatory damages against Defendants.

### Punitive Damages against Defendants Hobbs, Jones and Essafitscherning

48.     The actions and failures to act of Defendants Hobbs, Jones and Essafitscherning were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of Decedent Burke.

49.     The actions of Defendants Hobbs, Jones and Essafitscherning were taken in the face of a perceived risk that the actions would violate federal and/or state laws and the Eighth Amendment of the U.S. Constitution as applied to the political subdivisions of the State of Missouri through the Fourteenth Amendment of the U.S. Constitution. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

50.     The acts of Defendants Hobbs, Jones and Essafitscherning were willfully wrong or done with malice, corruption, or bad faith. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008) (*citing Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. Banc 2006); *Jackson v. City of Wentzville*, 844 S.W.2d 585, 588 (Mo.App. 1993).

51.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of exemplary or punitive damages against Defendants Hobbs, Jones and Essafitscherning in their individual capacities, so as to punish the Defendants and deter others from acting in a similar manner.

## Attorney Fees

52.    Pursuant to 42 U.S.C. § 1988, Plaintiff the Estate of Burke is entitled to recover their attorney fees and costs incurred in pursuing this claim against Defendants Butler County and Butler County Sheriff's Office.

**WHEREFORE**, Plaintiff the Estate of Burke request this Court enter judgement in favor of Plaintiffs and against all Defendants, jointly and severally, for compensatory damages for the wrongful death of Noah Burke as are fair and reasonable; and against Defendants Hobbs, Jones and Essafitscherning for reasonable punitive or exemplary damages in such sum as will serve to punish and deter those Defendants and others from future conduct such as the described herein; and against Defendants Butler County and Butler County Sheriff's Office for Plaintiff's attorney fees and costs herein expended, and for such other and further relief against Defendants as this Court deems just and proper including taxable court costs and pre-judgment and post-judgment interest.

## COUNT II

### (Estate of Burke v. All Defendants)

### VIOLATIONS OF 42 U.S.C. § 1983, THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUION AND STATE AND FEDERAL LAWS FOR FAILURE TO ADEQUETLY TRAIN AND STAFF JAIL PERSONNEL IN SUFFICENT NUMBER AND TYPE

53.    Plaintiff the Estate of Burke re-allege all of the preceding paragraphs as if set forth fully herein.

54.    Defendants had a duty to detainees of the Butler County Jail to staff the jail with a sufficient number of competent staff to ensure the safety of the staff and detainees.

55.    Defendants had a duty to the jail detainees to staff the jail with medical staff that were available 24-hours a day seven days a week.

56.    Defendants failed to adequately train and staff the jail with medical personnel.

11

57.     Defendants Butler County Sheriff's Office, Butler County had a duty to train its employees to recognize when a pretrial detainee needed medical and/or psychological evaluation. *Yellow Horse v. Pennington Cty.*, 225 F.3d 923, 928 (8th Cir. 2000). Defendants also had a duty to train its employees on how to obtain immediate medical and/or psychological evaluations for pretrial detainees.

58.     Defendants failed to adequately train the jail staff to recognize when a detainee was in need of medical and/or psychological evaluation and attention.

59.     On information and belief, the Butler County Sheriff's Office, Butler County and the Jail had a policy or practice (written or understood) of not staffing appropriate medical personnel on evenings and weekends to save money, and such personnel possess the appropriate training to recognize when further medical treatment is needed for a pretrial detainee.

60.     By failing to train the evening and weekend staff to recognize when a pretrial detainee needs medical treatment, and by failing to provide staff that have those skills, Defendants violated 42 U.S.C. 1983 and Decedent Burke's Constitutional rights by exhibiting a callous and deliberate indifference to, and a reckless and conscious disregard for detainee's medical needs, including but not limited to denying access to any meaningful timely medical evaluation, care, treatment, and observation necessary to address serious medical needs and prevent suffering and death.

61.     The actions or omissions of Defendants were taken in the face of a perceived risk that the actions would violate federal and/or state laws.

62.     As a result of all of the aforementioned allegations in Count II, Decedent Burke died.

**Compensatory Damages**

63.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of compensatory damages against Defendants.

### Punitive Damages

64.     The actions and failures to act of Defendants Hobbs, Jones and Essafitscherning were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of Decedent Burke.

65.     The actions of Defendants Hobbs, Jones and Essafitscherning were taken in the face of a perceived risk that the actions would violate federal and/or state laws and the Eighth Amendment of the U.S. Constitution as applied to the political subdivisions of the State of Missouri through the Fourteenth Amendment of the U.S. Constitution. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

66.     The acts of Defendants Hobbs, Jones and Essafitscherning were willfully wrong or done with malice, corruption, or bad faith. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008) (*citing Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. Banc 2006); *Jackson v. City of Wentzville*, 844 S.W.2d 585, 588 (Mo.App. 1993).

67.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of exemplary or punitive damages against Defendants Hobbs, Jones and Essafitscherning in their individual capacities, so as to punish the Defendants and deter others from acting in a similar manner.

### Attorney Fees

68.     Pursuant to 42 U.S.C. § 1988, Plaintiff the Estate of Burke is entitled to recover their attorney fees and costs incurred in pursuing this claim against Defendants Butler County and Butler County Sheriff's Office.

**WHEREFORE**, Plaintiff the Estate of Burke request this Court enter judgement in favor of Plaintiffs and against all Defendants, jointly and severally, for compensatory damages for the wrongful death of Noah Burke as are fair and reasonable; and against Defendants Hobbs, Jones and Essafitscherning for reasonable punitive or exemplary damages in such sum as will serve to punish and deter those Defendants and others from future conduct such as the described herein; against Defendants Butler County and Butler County Sheriff's Office for Plaintiff's attorney fees and costs herein expended, and for such other and further relief as this Court deems just and proper including taxable court costs and pre-judgment and post-judgment interest.

## COUNT III

### (The Estate of Burke v. ALL Defendants)

### VIOLATION OF 42 U.S.C. § 1982 FOR CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AGAINST ALL DEFENDANTS

69.     Plaintiff the Estate of Burke incorporates the above allegations as if set forth in full herein.

70.     Restraining Decedent Burke in a chair for several hours under the aforementioned circumstances constitutes cruel and unusual punishment.

71.     Denying Decedent Burke water for several hours under the aforementioned circumstances constitutes cruel and unusual punishment.

72.     Denying Decedent Burke food for several hours constitutes cruel and unusual punishment.

73.     Denying Decedent Burke toilet privileges for several hours under the aforementioned circumstances constitutes cruel and unusual punishment.

74.     Denying Decedent Burke access to medical evaluation, intervention and treatment constitutes cruel and unusual punishment and resulted in his untimely death.

**Compensatory Damages**

75.     Pursuant to 42 U.S.C. § 1982, Plaintiff the Estate of Burke is entitled to an award of compensatory damages against all Defendants.

**Punitive Damages**

76.     The actions and failures to act of Defendants Hobbs, Jones and Essafitscherning were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of Decedent Burke.

77.     The actions of Defendants Hobbs, Jones and Essafitscherning were taken in the face of a perceived risk that the actions would violate federal and/or state laws and the Eighth Amendment of the U.S. Constitution as applied to the political subdivisions of the State of Missouri through the Fourteenth Amendment of the U.S. Constitution. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

78.     The acts of Defendants Hobbs, Jones and Essafitscherning were willfully wrong or done with malice, corruption, or bad faith. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008) (*citing Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006); *Jackson v. City of Wentzville*, 844 S.W.2d 585, 588 (Mo.App. 1993).

79.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of exemplary or punitive damages against Defendants Hobbs, Jones and Essafitscherning in their individual capacities, so as to punish the Defendants and deter others from acting in a similar manner.

**Attorney Fees**

80.     Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover their attorney fees and costs incurred in pursuing this claim against Defendants Butler County and Butler County Sheriff's Office.

**WHEREFORE**, Plaintiff the Estate of Burke request this Court enter judgement in favor of Plaintiffs and against all Defendants, jointly and severally, for compensatory damages for the wrongful death of Noah Burke as are fair and reasonable; and against Defendants Hobbs, Jones and Essafitscherning for reasonable punitive or exemplary damages in such sum as will serve to punish and deter those Defendants and others from future conduct such as the described herein; against Defendants Butler County and Butler County Sheriff's Office for Plaintiffs' attorney fees and costs herein expended, and for such other and further relief as this Court deems just and proper including taxable court costs and pre-judgment and post-judgment interest.

### COUNT IV

**(Estate of Burke v. All Defendants)**

### VIOLATIONS OF 42 U.S.C. § 1983, THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUION AND STATE AND FEDERAL LAWS FOR USE OF EXCESSIVE FORCE AGAINST ALL DEFENDANTS

81.     Plaintiff the Estate of Burke re-allege all of the preceding paragraphs as if set forth fully herein.

82.     Defendants exhibited excessive force by the previously described use of the restraint chair under the previously described circumstances.

83.     The use of a restraint chair is not voluntary and involved the complete restraint of Decedent Burke for a long period of time, so its use constituted force.

84.    The use of the restraint chair on an obviously very unwell and agitated detainee suffering from the overdose of a powerful stimulate in a chair where he cannot move his arms or legs is objectively unreasonable.

85.    Defendants knew or should have known that using the restraint chair presented a risk of harm to Decedent Burke but Defendants recklessly disregarded Decedent Burke's safety by failing to take reasonable measures to minimize the risk of harm to Decedent Burke.

86.    Defendants' conduct caused or contributed to cause the death of Decedent Burke.

87.    By the use of the aforementioned excessive force under the circumstances Defendants violated Decedent's Burke civil rights pursuant to 42 U.S.C. § 1983 as well as his Constitutional rights.

88.    The actions of Defendants were taken in the face of a perceived risk that the actions would violate federal and/or state laws.

### Compensatory Damages

89.    Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendants.

### Punitive Damages

90.    The actions and failures to act of Defendants Hobbs, Jones and Essafitscherning were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of Decedent Burke.

91.    The actions of Defendants Hobbs, Jones and Essafitscherning were taken in the face of a perceived risk that the actions would violate federal and/or state laws and the Eighth Amendment of the U.S. Constitution as applied to the political subdivisions of the State of

Missouri through the Fourteenth Amendment of the U.S. Constitution. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

92.    The acts of Defendants Hobbs, Jones and Essafitscherning were willfully wrong or done with malice, corruption, or bad faith. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008) (*citing Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006); Jackson v. City of Wentzville, 844 S.W.2d 585, 588 (Mo.App. 1993).

93.    Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of exemplary or punitive damages against Defendants Hobbs, Jones and Essafitscherning in their individual capacities, so as to punish the Defendants and deter others from acting in a similar manner.

### Attorney Fees

94.    Pursuant to 42 U.S.C. § 1988, Plaintiff the Estate of Burke is entitled to recover their attorney fees and costs incurred in pursuing this claim against Defendants Butler County and Butler County Sheriff's Office.

**WHEREFORE**, Plaintiff the Estate of Burke requests this Court enter judgement in favor of Plaintiffs and against all Defendants, jointly and severally, for compensatory damages for the wrongful death of Noah Burke as are fair and reasonable; and against Defendants Hobbs, Jones and Essafitscherning for reasonable punitive or exemplary damages in such sum as will serve to punish and deter those Defendants and others from future conduct such as the described herein; against Defendants Butler County and Butler County Sheriff's Office for Plaintiff's attorney fees and costs herein expended, and for such other and further relief as this Court deems just and proper including taxable court costs and pre-judgment and post-judgment interest.

### SUPPLEMENTAL STATE CLAIM

## INTENTIONAL WAIVER OF SOVEREIGN IMMUNITY

95.     At all relevant times Defendant Butler County and Butler County Sheriff's Office had purchased and had in effect a policy of insurance to insure themselves and to indemnify themselves from claims or causes of actions against them for damages caused by their employees engaged in government functions, including the torts and civil rights violations alleged herein.

96.     The purchase of said insurance constitutes an intentional waiver of sovereign immunity by Defendant Butler County and Butler County Sheriff's Office for all of Plaintiffs' claims.

97.     Upon information and belief, said insurance policy did not preclude or prevent waiving sovereign immunity as a condition of its issuance, or as a contractual obligation.

### <u>COUNT V</u>
### Plaintiff Gary Burke v. All Defendants

### (Negligence – Wrongful Death Pursuant to R.S.Mo. §§537.080, et seq.)

98.     Jurisdiction of proper in this Court pursuant to 42 U.S.C. §§ 1331 and 1341(3) because this Complaint alleges violation of 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

99.     Plaintiff Gary Burke re-states and re-alleges each and every one of the preceding paragraphs as if fully set forth herein.

100.     Plaintiff Gary Burke brings this wrongful death action on behalf of the wrongful death class as the surviving natural father of Decedent Noah Burke pursuant to R.S.Mo. § 537.080(1).

101.     All Defendants owed a non-delegable duty to Decedent Burke to use reasonable care to ensure his safety.

102.    Defendants as named herein failed to perform their duty of using reasonable care to ensure the Decedent's safety.

103.    Defendants were negligent by:

a.  Failing to provide Decedent Burke with a medical examination upon admission into the jail.

b.  Failing to adequately staff the jail both in terms of quantity and quality of employees.

c.  Failing to adequately monitor detainees, including Decedent Burke.

d.  Failing to provide reasonable access to water, toilet, etc.

e.  Failing to provide proper medical evaluation, treatment, or intervention.

f.  Failing to send Decedent Burke to the emergency room in a timely manner.

g.  Failing to supervise detainees and jail staff.

h.  Failing to adequately train staff.

i.  Failing to prevent the presence of illegal dangerous substances in the jail.

j.  Failing to discover the presence of illegal dangerous substances in the jail.

k.  Failing to provide 24-hour medical care/assessment.

l.  Failing to follow the restraint chair manufacturer's instructions and warning.

m.  Failing to use the restraint chair in accordance with accepted jail practices.

n.  Failing to provide Decedent with regular monitoring after he was placed into the restraint chair.

o.  Failing to provide Decedent with immediate medical care once he began exhibiting signs of obvious and extreme illness.

p.  Failing to address Decedent's lack of unrestricted movement, exercise, food, water, access to a toilet, companionship, and physical wellbeing.

q.  Failing to at least place Decedent Burke under adequate supervision during Decedent's long hours of being physically restrained in a chair or taking preventive measures necessary to prevent his death, despite knowledge that he seemed to be under the influence of a drug or drugs after being inside the facility for 4 days.

104.    Defendants were aware that detainees, including Decedent Burke, were not receiving minimally adequate health care at Butler County Jail.

105.    It was reasonably foreseeable that harm would befall Decedent Burke, either directly or indirectly, as the result of the actions and omissions of Defendants.

106.    As a direct and proximate result of the failures by Defendants to perform their duty of reasonable care to ensure the safety of Decedent Burke, Decedent Burke suffered cruel and unusual punishment for hours on end as the result of an overdose before dying of acute mixed drug intoxication, not to mention the inability to move, to use the toilet, to drink water or have food to eat.

107.    As a direct and proximate result of the failures by Defendants to perform their duty of reasonable care to ensure the safety of Decedent Burke, Decedent Burke suffered severe pain, anxiety, mental distress, and ultimately death.

108.    As a further, direct and proximate cause of the negligence and carelessness of Defendant(s), individually, and by and through its/their servants, employees and/or agents, actual or ostensible, plaintiff Gary Burke, and other Class I beneficiaries, sustained the injuries and damages, including pecuniary losses suffered by reason of the death, funeral expenses, loss of

services, loss of companionship, loss of comfort, loss of instruction, loss of guidance, loss of counsel, loss of training, and loss of support.

**WHEREFORE**, Plaintiff Gary Burke, on behalf of the wrongful death class, pray for such sums as are fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00) as actual damages against Defendants Butler County, Butler County Sheriff's Office, Sheriff Mark T. Hobbs, Jail Administrator Michael Jones and Jail Supervisor Sammi Essafitscherning, further together with taxable court costs plus interest.

**PETERSON & ASSOCIATES, P.C.**

*/s/ Kevin T. Young*
Kevin Young  #62451 (MO)
801 W. 47th Street, Suite 107
Kansas City, Missouri 64112
(816) 531-4440
(816) 531-0660 (Facsimile)
kty@petersonlawfirm.com