GARY BURKE, individually and on behalf of )
the wrongful death class, )
            )
AND )
            )
THE ESTATE OF NOAH BURKE, )
DECEASED )
            )
   Plaintiffs, )
            )
vs. ) Case No.: 1:22-CV-00006-ACL
            )
BUTLER COUNTY, MISSOURI, MARK T. )
DOBBS, individually, MICHAEL JONES, )
individually, AND SAMI TSCHERNING, )
individually, )
            )
   Defendants. )

## *DEFENDANT SAMI TSCHERNING'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT*

COMES NOW, Defendant Sami Tscherning ("Defendant"), and for his Answer to Plaintiffs' First Amended Complaint, states:

1. Defendant admits Plaintiffs purport to raise the claims allege. Defendants deny the remainder of the allegations contained in paragraph one, including that Plaintiffs state a cause of action upon which relief may be granted.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph two.

3. Defendant denies the allegations contained in paragraph three, and the Estate of Noah Burke is an improper plaintiff in this matter.

## JURISDICTION

4.      Defendant admits on or about December 19, 2020, Decedent Noah Burke passed away while a county jail detainee in the custody of the Butler County Jail in the city of Poplar Bluff, Butler County, Missouri. Defendant denies the remainder of the allegations contained in paragraph four.

5.      Defendant denies the allegations contained in paragraph five.

## VENUE AND COLOR OF LAW

6.      Paragraph six is a legal conclusion reserved for this Court's determination. To the extent this alleges any facts against Defendant, it is denied.

7.      Defendant admits Butler County, Missouri, is a County within Missouri, properly formed. The remainder of the allegations contained in paragraph seven are legal conclusions reserved for this Court's determination. To the extent it alleges facts against Defendant, it is denied.

8.      Defendant admits Mark T. Dobbs was the Butler County Sheriff and acted as such. The remainder of the allegations contained in paragraph eight are legal conclusions reserved for this Court's determination. To the extent it alleges facts against Defendant, it is denied.

9.      Defendant admits Michael Jones was the Butler County Sheriff and acted as such. The remainder of the allegations contained in paragraph nine are legal conclusions reserved for this Court's determination. To the extent it alleges facts against Defendant, it is denied.

10.     Defendant admits Sami Tscherning was a Butler County correctional officer who was the superior correctional officer on duty at certain times on December 18 and 19, 2020. The

{02438401.DOCX;1}}

remainder of the allegations contained in paragraph ten are legal conclusions reserved for this Court's determination. To the extent it alleges facts against Defendant, it is denied.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph eleven.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph twelve with respect to whether Decedent's probation was based on a conviction or the result of a guilty plea and suspended imposition of sentence. The remainder of paragraph twelve is a legal conclusion, internally inconsistent, and reserved for this Court's judgment. To the extent it alleges facts against Defendant, it is denied.

13. Defendant admits Decedent Burke was remanded into the custody of the Butler County Jail. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph thirteen.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph fourteen.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph fifteen.

16. Defendant admits on the evening of December 18, 2020, Defendant observed Decedent Burke was sweating and was acting in a strange manner and borderline combative. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph sixteen, including as phrased.

17. Defendant admits Decedent was placed into the observation cell based on reports that Decedent was acting in a manner that was causing issues in F-Pod and allegedly "detoxing."

3

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph seventeen.

18. Defendant admits at approximately 0200 on the morning of December 19, 2020, Decedent was slamming himself against the door, visibly attacking it in a manner that might injure himself, falling inside the cell multiple times, and seemingly stumbling to the ground. Defendant admits Decedent made strange comments. Defendant admits Decedent was placed in a restraint chair for his own safety and for the safety of the staff. Defendant denies the remainder of the allegations contained in paragraph eighteen.

19. Defendant admits Decedent was placed in a restraint chair with straps pertaining to his shoulders, wrists, and ankles. Defendant is without knowledge or information sufficient to form a belief regarding the manufacturer of the restraint chair. Defendant denies the remainder of the allegations contained in paragraph nineteen.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph twenty.

21. Defendant admits he was relatively a superior correctional officer on duty from 1800 on December 18, 2020, to approximately 0600 on December 19, 2020. Defendant admits C.O. Roy Bolen as also serving as a correctional officer on this shift. Defendant admits C.O. Bolen from time to time, may have performed tasks generally regarding detainee safety, counting detainees, dispensing prescription medication, and booking. Defendant is without knowledge or information sufficient to form a belief as to the number of detainees, when C.O. Bolen left the jail, or Decedent's conduct at the time C.O. Bolen left the jail. Defendant denies the remainder of the allegations contained in paragraph twenty-one.

4

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph twenty-two.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph twenty-three.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph twenty-four.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph twenty-five.

26.     Defendant admits Decedent was pronounced dead, but is without knowledge or information sufficient to form a belief as to the remainder of the averments contained in paragraph twenty-six.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph twenty-seven.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph twenty-eight.

29.     Defendant denies the allegations contained in paragraph twenty-nine.

30.     Defendant denies the allegations contained in paragraph thirty.

31.     Paragraph thirty-one is a legal conclusion reserved for this Court's determination. To the extent it purports to allege facts against Defendant, it is denied.

32.     Defendant denies the allegations contained in paragraph thirty-two.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph thirty-three.

{02438401.DOCX;1}

## COUNT I

### (All Plaintiffs v. All Defendants)

### <u>VIOLATIONS OF 42 U.S.C. § 1983, THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION, AND STATE AND FEDERAL LAWS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS AND FAILURE TO PROVIDE MEDICAL CARE BY ALL DEFENDANTS</u>

34.     Defendant restates all responses to Plaintiffs' preceding paragraphs in their First Amended Complaint as if fully set forth herein.

35.     Defendant denies the allegations contained in paragraph thirty-five.

36.     Defendant denies the allegations contained in paragraph thirty-six.

37.     Defendant denies the allegations contained in paragraph thirty-seven.

38.     Defendant denies the allegations contained in paragraph thirty-eight.

39.     Defendant denies the allegations contained in paragraph thirty-nine.

40.     Defendant denies the allegations contained in paragraph forty.

41.     Defendant denies the allegations contained in paragraph forty-one.

42.     Defendant denies the allegations contained in paragraph forty-two.

43.     Defendant denies the allegations contained in paragraph forty-three.

44.     Defendant denies the allegations contained in paragraph forty-four.

45.     Defendant denies the allegations contained in paragraph forty-five.

46.     Defendant denies the allegations contained in paragraph forty-six.

47.     Defendant denies the allegations contained in paragraph forty-seven.

48.     Defendant denies the allegations contained in paragraph forty-eight.

49.     Defendant denies the allegations contained in paragraph forty-nine.

50.     Defendant denies the allegations contained in paragraph fifty.

{02438401.DOCX;1}

51.     Defendant denies the allegations contained in paragraph fifty-one.

52.     Defendant denies the allegations contained in paragraph fifty-two.

53.     Defendant denies the allegations contained in paragraph fifty-three.

WHEREFORE, Defendant requests that this Court issue an order dismissing Defendant, including without limitation based on qualified immunity, for costs, and for such other relief this Court deems just and proper.

## COUNT II

### (All Plaintiffs v. All Defendants)

**<u>VIOLATIONS OF 42 U.S.C. § 1983, THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION, AND STATE AND FEDERAL LAWS FOR FAILURE TO ADEQUATELY TRAIN AND STAFF JAIL PERSONNEL IN SUFFICIENT NUMBER AND TYPE</u>**

54.     Defendant restates all responses to Plaintiffs' preceding paragraphs in their First Amended Complaint as if fully set forth herein.

55.     Defendant denies the allegations contained in paragraph fifty-five, to the extent directed toward Defendant. The remainder of the allegations contained in paragraph fifty-five are legal conclusions reserved for this Court's judgment.

56.     Defendant denies the allegations contained in paragraph fifty-six, to the extent directed toward Defendant. The remainder of the allegations contained in paragraph fifty-six are legal conclusions reserved for this Court's judgment.

57.     Defendant denies the allegations contained in paragraph fifty-seven, to the extent directed toward Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph fifty-seven.

{02438401.DOCX;1}}

58.     Defendant denies the allegations contained in paragraph fifty-eight, to the extent directed toward Defendant. The remainder of the allegations contained in paragraph fifty-eight are legal conclusions reserved for this Court's judgment.

59.     Defendant denies the allegations contained in paragraph fifty-nine, to the extent directed toward Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph fifty-nine.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph sixty.

61.     Defendant denies the allegations contained in paragraph sixty-one.

62.     Defendant denies the allegations contained in paragraph sixty-two.

63.     Defendant denies the allegations contained in paragraph sixty-three.

64.     Defendant denies the allegations contained in paragraph sixty-four.

65.     Defendant denies the allegations contained in paragraph sixty-five.

66.     Defendant denies the allegations contained in paragraph sixty-six.

67.     Defendant denies the allegations contained in paragraph sixty-seven.

68.     Defendant denies the allegations contained in paragraph sixty-eight.

69.     Defendant denies the allegations contained in paragraph sixty-nine.

70.     Defendant denies the allegations contained in paragraph seventy.

WHEREFORE, Defendant requests that this Court issue an order dismissing Defendant, including without limitation based on qualified immunity, for costs, and for such other relief this Court deems just and proper.

{02438401.DOCX;1}

## COUNT III

### (All Plaintiffs v. All Defendants)

### VIOLATIONS OF 42 U.S.C. § 1983 FOR THE CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AGAINST ALL DEFENDANTS

71.     Defendant restates all responses to Plaintiffs' preceding paragraphs in their First Amended Complaint as if fully set forth herein.

72.     Defendant denies the allegations contained in paragraph seventy-two.

73.     Defendant denies the allegations contained in paragraph seventy-three.

74.     Defendant denies the allegations contained in paragraph seventy-four.

75.     Defendant denies the allegations contained in paragraph seventy-five.

76.     Defendant denies the allegations contained in paragraph seventy-six.

77.     Defendant denies the allegations contained in paragraph seventy-seven.

78.     Defendant denies the allegations contained in paragraph seventy-eight.

79.     Defendant denies the allegations contained in paragraph seventy-nine.

80.     Defendant denies the allegations contained in paragraph eighty.

81.     Defendant denies the allegations contained in paragraph eighty-one.

82.     Defendant denies the allegations contained in paragraph eighty-two.

83.     Defendant denies the allegations contained in paragraph eighty-three.

84.     Defendant denies the allegations contained in paragraph eighty-four.

WHEREFORE, Defendant requests that this Court issue an order dismissing Defendant, including without limitation based on qualified immunity, for costs, and for such other relief this Court deems just and proper.

{02438401.DOCX;1}}

# COUNT IV

## (All Plaintiffs v. All Defendants)

### VIOLATIONS OF 42 U.S.C. § 1983 THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND STATE AND FEDERAL LAWS FOR USE OF EXCESSIVE FORCE AGAINST ALL DEFENDANTS

85.     Defendant restates all responses to Plaintiffs' preceding paragraphs in their First Amended Complaint as if fully set forth herein.

86.     Defendant denies the allegations contained in paragraph eighty-six.

87.     Defendant denies the allegations contained in paragraph eighty-seven.

88.     Defendant denies the allegations contained in paragraph eighty-eight.

89.     Defendant denies the allegations contained in paragraph eighty-nine.

90.     Defendant denies the allegations contained in paragraph ninety.

91.     Defendant denies the allegations contained in paragraph ninety-one.

92.     Defendant denies the allegations contained in paragraph ninety-two.

93.     Defendant denies the allegations contained in paragraph ninety-three.

94.     Defendant denies the allegations contained in paragraph ninety-four.

95.     Defendant denies the allegations contained in paragraph ninety-five.

96.     Defendant denies the allegations contained in paragraph ninety-six.

97.     Defendant denies the allegations contained in paragraph ninety-seven.

98.     Defendant denies the allegations contained in paragraph ninety-eight.

99.     Defendant denies the allegations contained in paragraph ninety-nine.

100.    Defendant denies the allegations contained in paragraph 100.

{02438401.DOCX;1}

WHEREFORE, Defendant requests that this Court issue an order dismissing Defendant, including without limitation based on qualified immunity, for costs, and for such other relief this Court deems just and proper.

## SUPPLEMENTAL STATE CLAIM

## INTENTIONAL WAIVER OF SOVEREIGN IMMUNITY

101.    Paragraph 101 is a legal conclusion reserved for this Court's determination. To the extent it alleges facts against Defendant, it is denied.

102.    Paragraph 102 is a legal conclusion reserved for this Court's determination. To the extent it alleges facts against Defendant, it is denied.

103.    Paragraph 103 is a legal conclusion reserved for this Court's determination. To the extent it alleges facts against Defendant, it is denied.

## COUNT V

## Plaintiff Gary Burke v. All Defendants

## (Negligence – Wrongful Death Pursuant to R.S.Mo. §§ 537.080, et seq.)

104.    Paragraph 104 is a legal conclusion reserved for this Court's determination. To the extent it alleges facts against Defendant, it is denied.

105.    Defendant restates all responses to Plaintiffs' preceding paragraphs in their First Amended Complaint as if fully set forth herein.

106.    Defendant admits Plaintiff Gary Burke purports to raise a wrongful death cause of action. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments contained in paragraph 106.

107.    Defendant denies the allegations contained in paragraph 107.

108.    Defendant denies the allegations contained in paragraph 108.

{02438401.DOCX;1}

109. Defendant denies the allegations contained in paragraph 109, including each and all subparts.

110. Defendant denies the allegations contained in paragraph 110.

111. Defendant denies the allegations contained in paragraph 111.

112. Defendant denies the allegations contained in paragraph 112.

113. Defendant denies the allegations contained in paragraph 113.

114. Defendant denies the allegations contained in paragraph 114.

115. Defendant denies the allegations contained in paragraph 115.

WHEREFORE, Defendant respectfully requests this Court to dismiss this Count for failure to state a claim, for judgment in favor of Defendant and against Plaintiffs, for costs, and for such further relief this Court deems just and proper.

## AFFIRMATIVE AND OTHER SPECIAL DEFENSES

A. Plaintiff has failed to state a claim upon which relief may be granted against Defendants, including without limitation, failure to state each and every element of a claim under the Fifth Amendment, Eighth Amendment, Fourteenth Amendment, and any Missouri cause of action.

B. No act and/or conduct of Defendant caused or contributed to cause any of the Plaintiffs and/or Decedent's injuries and damages as alleged in the First Amended Complaint.

C. Defendant, in his individual capacity, is entitled to qualified immunity regarding all federal claims as his actions were objectively reasonable, taken in good faith, and did not violate any clearly established rights (as of December 18–19, 2020) under the Fifth, Eighth, and Fourteenth Amendments of the Plaintiffs and/or Decedent. Furthermore, the constitutional claims asserted against these Defendant in his individual capacity are barred by qualified immunity

12

because any alleged acts or omissions engaged in by him were a) justified; b) reasonable as part of the operation of the police department and jail; c) reasonable in order to maintain safety and security in the community and jail; d) reasonable to protect Decedent, other inmates, and jail staff; e) based upon legitimate penal interests; f) based upon reasonable suspicion; g) based upon probable cause; h) reasonable to protect public safety, keep the peace, and enforce the law; and i) were reasonable under circumstances involving Decedent. Further, qualified immunity bars claims against Defendant regarding Count II, as it was not clearly established on December 18–19, 2020, Defendant had any duty to train and staff jail personnel in sufficient number and type. Further, it was not clearly established on December 18–19, 2020, that placement of a detainee in a restraint chair constituted cruel and unusual punishment or excessive force under any amendment to the U.S. Constitution, and Defendant is thereby entitled to qualified immunity on that basis. The law was not clearly established that the Fifth Amendment's Due Process clause governs the alleged conduct or omissions at issue, as of the date of the subject incident.

D.      Pleading in the alternative, Defendant is entitled to qualified immunity with respect to claims regarding the Fourteenth Amendment's Due Process Clause, as Decedent, purportedly incarcerated for a probation violation, has already been adjudicated guilty and waived a right to a jury trial. Accordingly, the law was not clearly established he was a pretrial detainee.

E.      Pleading in the alternative, Defendant is entitled to qualified immunity with respect to claims regarding the Eighth Amendment's cruel and unusual punishment clause, as Decedent had not yet been convicted or a sentence had not been imposed regarding the underlying crime(s). Accordingly, the law was not clearly established he was a prisoner subject to the Eighth Amendment (incorporated by the Fourteenth Amendment).

F.      Plaintiff Estate of Noah Burke is an improper plaintiff under 42 U.S.C. § 1983 (which looks to Missouri law) and Missouri law, and thereby lacks standing to raise any claims in this lawsuit.

G.      Defendants state that the Missouri state claims asserted against Defendant are barred by official immunity because any alleged acts or omissions engaged in by him were in the course of his official duties for the performance of discretionary acts. If Plaintiffs and/or Decedent sustained any injuries or damages, which the Defendant generally and specifically denies, then any such injuries or damages arose out of, or were part of, discretionary acts or omissions involving the exercise of judgment and Defendant is therefore immune from liability or suit for any such alleged damages or injuries, which are generally and specifically denied.

H.      Missouri state claims asserted against Defendant are barred by the public duty doctrine because any alleged acts or omissions engaged in by him were in the course of his official duties for the performance of discretionary acts, and if any breach occurred as a result of these alleged acts or omissions, the breach was of the Defendant's duty to the community as a whole, not to Decedent, individually.

I.      If Plaintiffs and/or Decedent sustained any injuries or damages, which Defendant generally and specifically denies, then such injuries and damages were directly and proximately caused by the negligence, fault, and/or intentional acts or omissions of Decedent, including but not limited to Decedent intentionally consuming drugs up to or on December 19, 2020, and consenting to be placed in the restraint chair on December 19, 2020, and not by any negligence, fault, act, or omission of Defendant barring Plaintiffs' claims. Defendant respectfully requests appropriate comparative fault instructions be submitted to the jury under R.S.Mo. § 537.060

14

regarding any alleged joint tortfeasor. Any alleged injuries or damages were sustained as a result of actions or inactions by individuals or entities beyond the control of this Defendant.

J.      If Plaintiffs and/or Decedent sustained any injuries or damages, which Defendant generally and specifically denies, then such injuries or damages were caused by the intervening and/or superseding event of Decedent intentionally consuming drugs up to or on December 19, 2020, and consenting to be placed in the restraint chair on December 19, 2020.

K.      As a result of Decedent's negligence and/or intentional act of ingesting drugs and/or consenting to be placed in a restraint chair, Defendant requests equitable contribution.

L.      Plaintiffs' claim for an award of attorney fees for negligence and for wrongful death under Missouri state law, if any, fail to state a claim and should be dismissed because attorney fees are not recoverable for claims under Missouri state law for negligence and wrongful death and no statute authorizes the recovery of attorney fees for a claim of negligence and wrongful death under Missouri law.

M.      To the extent any of the Plaintiffs' claims pursuant to 42 U.S.C. § 1983 are based upon a theory of negligence, then those claims fail to state a claim and should be dismissed.

N.      Without waiving the general denial herein, and in no way limiting the denial of the other defenses herein, Defendants state that any claim for punitive damages and/or damages for aggravating circumstances against the Defendants by the Plaintiffs is in violation of the Defendants' rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the same or similar guarantees of the Constitution of the State of Missouri, including Article I, Sections 2, 20, 21, and 28 and all claims for punitive damages and/or damages for aggravating circumstances will amount to the imposition of a fine or penalty in violation of both Constitutions and should be dismissed.

O.     Without waiving the general denial herein, and subject to the other defenses asserted herein, Defendants state that they are entitled to reasonable attorney fees and costs incurred in defending this case pursuant to 42 U.S.C. § 1988.

WHEREFORE, Defendant respectfully requests this Court dismiss Defendant, for judgment in favor of Defendant and against Plaintiffs, for qualified immunity with respect to federal claims, for costs, and for such further relief this Court deems just and proper.

/s/ Robert T. Plunkert
Robert T. Plunkert   #62064MO
Sarah M. Boyce   #67488MO
PITZER SNODGRASS, P.C.
Attorneys for Defendant Sami Tscherning
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: plunkert@pspclaw.com
Email: boyce@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 4th day of March, 2022:

Kevin T. Young                              D. Keith Henson
Peterson & Associates, P.C.                 Paule and Camazine, P.C.
801 W. 47th Street, Suite 107               165 N. Meramec Avenue, Suite 100
Kansas City, Missouri 64112                 Clayton, Missouri 63105
kty@petersonlawfirm.com                     khenson@pcblawfirm.com
*Attorney for Plaintiffs*                    *Attorney for Defendants Butler County,*
                                            *Missouri, Mark T. Dobbs, and Michael Jones*

/s/ Robert T. Plunkert