**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **GARY BURKE, individually and on behalf of the wrongful death class** | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| **AND** | ) | |
| | ) | |
| **THE ESTATE OF NOAH BURKE, DECEASED,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:22-cv-6** |
| | ) | |
| **BUTLER COUNTY MISSOURI,** | ) | |
| | ) | |
| **MARK T. DOBBS, individually** | ) | |
| | ) | |
| **MICHAEL JONES, individually** | ) | |
| | ) | |
| **SAMI TSCHERNING, individually** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **ROY BOLEN, individually** | ) | |
| **Serve at:** | ) | |
| **5008 Nellie Sue Circle** | ) | |
| **Poplar Bluff, MO 63901** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SECOND AMENDED COMPLAINT

**COMES NOW** Plaintiff Gary Burke personally and on behalf of the wrongful death class and as the Administrator of Estate of Noah Burke and through the undersigned counsel, and for Plaintiffs' First Amended Complaint against Defendants states and alleges as follows:

1.      This is a civil action arising under 42 U.S.C. § 1983, the Fifth, Eighth and Fourteenth Amendments and the Missouri Wrongful Death Statute R.S.Mo. §§ 537.080 and 537.020 and common law theories of recovery for deprivations of Plaintiffs' rights and for state law claims against all Defendants.

2.      Plaintiff Gary Burke is the father of Decedent Noah Burke and he resides in Poplar Bluff, Butler County, Missouri.

3.      Plaintiff Estate of Noah Burke [hereafter "the estate"] stands in the stead of the deceased, Noah Burke for those rights that cannot be asserted by Plaintiff Gary Burke.

## JURISDICTION

4.      This cause of action against Defendants rises out of the death of Decedent Noah Burke on or about December 19, 2020, while a county jail detainee in the custody of the Butler County Jail in the city of Poplar Bluff, Butler County, Missouri.

5.      Under Missouri law the Butler County Sheriff is responsible for all aspects of the Butler County Jail, including its staff, maintenance, operation, and safety of the detainees.

## VENUE AND COLOR OF LAW

6.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in Butler County, Missouri, which is located in the U.S. District Court, Eastern District of Missouri, Southeastern Division.

7.      Defendant Butler County Missouri is a political subdivision of the State of Missouri and is a person for the purposes of 42 U.S.C. § 1983 actions of damages and acted under color of state law, Federal law and the Constitutions of Missouri and the United States of America.

2

8.      Defendant Mark T. Dobbs is at all relevant times herein, a natural person who was the Butler County Sheriff and as such was in charge of Butler County Sheriff's Department and the Butler County Jail and acted under color of state laws, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including Butler County, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America and was at no time acting as an officer or agent of the State of Missouri.

9.      Defendant Michael Jones is at all relevant times herein, a natural person who was the Butler County Jail Administrator at the time of the incident and as such an employee/agent working under the direction and control of Butler County Sheriff's Department and Butler County Missouri and acted under color of state laws, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including Butler County, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America.

10.      Defendant Sami Tscherning is at all relevant times herein, a natural person who was a Butler County Jail supervisor and as such an employee/agent working under the direction and control of Butler County Sheriff's Department and Butler County Missouri and acted under color of state laws, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including Butler County, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America.

11.      Defendant Roy Bolen is at all relevant times herein, a natural person who was a Butler County Jail Corrections Officer and as such an employee/agent working under the direction and control of Butler County Sheriff's Department and Butler County Missouri and

acted under color of state laws, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including Butler County, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12.     On or about December 14, 2020, Decedent Noah Burke [hereafter "Decedent Burke"], a 35-year-old healthy adult man, was on probation for failure to pay child support.

13.     Decedent's probation was not based on a conviction, but rather as a result of a guilty plea and a suspended imposition of sentence; therefore, either Decedent is considered a pretrial detainee or should be treated as such for the purposes of assessing his rights under the Fifth, Eighth and Fourteenth Amendments.

14.     On said date Decedent Burke was dropped off at the office of his probation officer and taken into custody based on an alleged probation violation and booked into the Butler County Jail ["the jail"] as a detainee.

15.     Decedent Burke had a history of drug addiction, but there is no evidence that he was under the influence of a controlled substance at the time he was taken into custody.

16.     When Decedent Burke was processed and admitted into the Butler County Jail, he should have been searched by jail staff; regardless, no contraband, including illicit drugs or drug paraphernalia, was found on his person when Decedent Burke was admitted into the custody of the Butler County Jail.

17.      Decedent Burke's incarceration in the jail was without incident or issue until the evening of December 18, 2020 — 4 days after he was placed into custody — when Decedent Burke began sweating profusely, appearing generally unwell and he took off his shirt.

18.     According to jail staff, Decedent Burke was placed in an "observation cell" at around 1800 (6:00 p.m.) on December 18, 2020, based on concerns about his health. The "observation room" is a tiny unpadded room the size of a closet also known as "the dry cell" at the time.

19.     According to jail staff, by around midnight of said evening, Decedent Burke's state of health had substantially deteriorated, and he was exhibiting the following signs, symptoms and behavior:

- Perfuse sweating
- Disrobing
- Asking for water
- Confused
- Looked and seemed unwell
- Babbling incoherently
- Making statements suggestive of an altered mental state
- Singing loudly
- Talking to himself
- Involuntary shaking and trembling
- Stumbling and falling down multiple times while trying to stand

20.     As a result of said signs, symptoms and behavior, Decedent Burke was placed into a restraint chair which was located in the aforementioned "observation cell" purportedly for his "own safety."

21.     Decedent Burke was placed into the restraint chair against his wishes and control; jail staff handcuffed his wrists and ankles to the chair and strapped his arms, torso, and shoulders down, thus fully restricting his movements and essentially rendering him helpless other than the noises he could make to call for help.

22.     The manufacturer of the SureGuard Correctional Safety Restraint Chair that provided the use instructions later used by the Jail to train its staff for the use of the restraint chair the jail used in this case, has a warning that states:

*Violent behavior may mask dangerous medical conditions therefore **detainees must be monitored for and provided with medical treatment if needed**. Detainees **should not be left in the SureGuard Correctional Safety Restraint Chair for more than <u>two hours</u>**. This time limit was established to allow for the detainee to calm down, and if needed it allows for the correctional staff to seek medical or psychological help for the detainee. This two hour time limit may be extended, but only under medical supervision (Doctor/Nurse). **This extended time period must not exceed <u>eight hours</u> and range of motion exercises must be performed regularly.** Therefore, we do not recommend anyone be left in the SureGuard Correctional Safety Restraint Chair for more than ten hours total.*

23. From December 18, 2020, 0800 (6 p.m.) until December 19, 2020, at 0600 (6 a.m.) the jail contained about 140 detainees and the staff included (1) a supervisor (Defendant Tscherning) and (2) one other staff (Defendant Roy Bolen) who had only worked at the jail approximately one month. Defendant Bolen was responsible for, among other tasks, detainee safety, counting the detainees, giving the detainees prescription medication, and booking in new detainees. Defendant Bolen claims that when he left the jail at the end of his shift at 0700 (7 a.m.) on December 19, 2020, he heard Decedent Burke talking, but did not see him at that time.

24. From December 18, 2020, 0800 (6 p.m.) until December 19, 2020, at 0600 (6 a.m.) the jail had no medically trained staff on duty and the on-call medical staff (Stephanie Walters) was a Certified Medical Assistant and entirely unqualified to assess or treat patients, which she was asked and expected to do by Defendants.

25. Officer Taylor Whiteley claims he observed Decedent Burke in the restraint chair at 0600 (6:00 a.m.) the morning of December 19, 2020, and Decedent Burke was alive, but it appeared that Decedent Burke was "high on something."

26. Officer Lucas Nierman claims he found Decedent nonresponsive in the restraint chair at around 0730 (7:30 a.m.) when he conducted his morning rounds that purportedly commenced at around 0545 (5:45 a.m.) the morning of December 19, 2020.

27.     At no time during the evening of December 18, 2020, or the next day was Decedent Burke ever seen or evaluated by medical staff (qualified or otherwise) regarding the aforementioned psychological or medical condition or related to use of the restraint chair. At no time were range of motion exercises performed on/with Decedent Burke. At no time was he removed from the chair for any reason until after he had died.

28.     The morning of December 19, 2020, EMS was called at 0729 (7:29 a.m.) and was on scene by 0731 (7:31 am). EMS was told by jail staff that Decedent Burke had been placed in the restraint chair at 1630 on December 18, 2020, and that he had been in the restraint chair for about thirteen hours. EMS crewmember Christopher Lawson thought it was odd that the patient (Decedent Burke) showed signs of rigor mortis at a level that usually takes a matter of a few hours to be present once a patient dies.

29.      Decedent Burke was pronounced dead on December 19, 2020, at around 0742 (7:42 a.m.).

30.     An Autopsy was performed on Decedent Burke that concluded that he likely died from a drug overdose from methamphetamines and fentanyl.

31.     Based on the circumstances it is almost certain that the lethal dose of drugs was introduced into Decedent Burke's body while he was in the custody of the Butler County Jail.

32.     It should have been obvious to Butler County Jail staff that Decedent Burke was experiencing a medical emergency that required the immediate attention of medical professionals, and that strapping Decedent Burke to a restraint chair was the worst possible thing they could have done under the circumstances and constituted excessive force and a reckless indifference for the wellbeing of Decedent Burke.

33.     Even if the use of the restraint chair would have been appropriate under the circumstances — which it was not — once Decedent Burke was placed in the restraint chair he should have been monitored and only placed in the chair for a maximum of two hours.

34.     It has been clearly established that a pretrial detainee has a right to be free from deliberate indifferent denials to emergency medical care. *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016).

35.     The denial of freedom of movement and toilet privileges for several hours was in reality a punitive isolation that constituted cruel and unusual punishment and violation of Decedent's due process rights.

36.     Had Decedent Burke been taken to the Hospital in a timely manner, more likely than not he would have been successfully treated for the drug overdose and he would have lived.

**COUNT I**
**(All Plaintiffs v. All Defendants)**
**VIOLATIONS OF 42 U.S.C. § 1983, THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUION, AND STATE AND FEDERAL LAWS FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS AND FAILURE TO PROVIDE MEDICAL CARE BY ALL DEFENDANTS**

37.     Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

38.     Defendants had a duty under 42 U.S.C. §1983 and the 5th and 8th Amendment of the United States Constitution as applied to the State of Missouri and its political subdivisions through the 14th Amendment of the U.S. Constitution, to provide Decedent Burke, a pre-trial detainee, with due process and appropriate medical evaluations, necessary medical treatment and care.

39.     Defendants knew or should have known that the Decedent had a possible history of drug addiction and was experiencing a likely drug overdose or some other medical emergency, and there was an obvious and substantial risk that Decedent, if left untreated, would

suffer serious injury or death that such injury or death was reasonably foreseeable, and that the threat of injury or death was imminent and immediate.

40.     Defendants knew or should have known that Decedent Burke required immediate medical intervention to assess and/or treat his medical condition.

41.     Decedent Burke was at the sole mercy of the Butler County Jail and Jail staff to provide him proper medical assessment and treatment.

42.     Defendants had a duty to provide medical assessment and treatment, yet none was provided.

43.     Decedent Burke suffered from both an objectively and a subjectively substantial risk of serious harm while under the care and custody of Defendants, and said Defendants reacted to this risk in an objectively and subjectively unreasonable manner in violation of Decedent's Constitutional rights.

44.     Defendants herein failed and refused to provide Decedent Burke with access to the toilet or any opportunity to stand, move about, or stretch his limbs; and instead, intentionally, and maliciously kept Decedent fully restrained in a chair and thus rendered him completely helpless for several hours.

45.     The death of Decedent Burke and the mental anguish, pain and suffering he experienced prior to death are the direct and proximate result of the deliberate indifference to Decedent Burke's medical needs and thus resulting in the denial of medical care by Defendants.

46.     Defendants herein acted with deliberate indifference to Decedent Burke's medical needs, exposing him to a substantial risk of serious damage to his health, which ultimately culminated in Decedent Burke's untimely and preventable death and caused significant needless mental and physical anguish pain and suffering prior to his death.

47.     On information and belief, the Butler County Jail had a policy or practice (written or understood) of using the restraint chair in situations similar to what are alleged Count I in lieu of providing the appropriate medical evaluations and care.

48.     By refusing to provide Decedent Burke with proper medical assessment and care, and instead using a restraint chair, in lieu of proper medical assessment and treatment, Defendants herein deprived Decedent Burke of his right to medical care and treatment, in violation of 42 U.S.C. § 1983 and the 5th, 8th and 14th Amendments to the Constitution of the United States, and exhibited a callous and deliberate indifference to, and a reckless and conscious disregard for, his serious medical needs, including but not limited to denying him access to intensive and structured medical evaluation, care, treatment, and observation necessary to address serious medical needs and prevent extreme pain, suffering and death.

49.     Defendants' failures alleged in this count also were the result of a systemic failure of the Jail Administration, including but not limited to Defendant Butler County Jail, The Sheriff Mark Dobbs and the Jail Administrator Michael Jones to staff the jail with competently qualified medical staff and competently trained corrections officers that had sufficient training regarding issues like:

- How to use the restraint chair
- When to use the restraint chair
- How long to use the restraint chair
- When NOT to use the restraint chair
- When and how to document use of the restraint chair
- How to identify and address potential serious medical conditions
- The scope of practice for the medical staff that were employed
- When to contact the EMS for an emergent medical assessment/treatment
- When/how to contact medical professionals in house
- What to do if medical staff could not be contacted in a timely manner
- How to identify someone who is detoxing from drugs
- How to identify someone who is experiencing a drug overdose
- That illegal substances can and do get into the jail and to account for that when assessing a situation

50.     Taken in total, Defendants' behavior as described in this, and every Count of this Complaint, shocks the conscience.

### Compensatory Damages

51.     Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendants.

52.     As a result of the actions and failures to act by the Defendants, Plaintiffs are entitled to such damages as are fair and just for the pain, suffering and/or death of Decedent Burke and the loss thus occasioned, including but not limited to the pecuniary losses suffered by the death of Decedent, funeral expenses, and the reasonable value of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support; further including the loss of services, attention, advice, protection, earnings, and other value of benefits which would have been provided by Decedent Burke during the remainder of his expected lifetime.

### Punitive Damages against Defendants Dobbs, Jones, Tscherning and Bolen

53.     The actions and failures to act of Defendants Dobbs, Jones, Tscherning and Bolen were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of Decedent Burke.

54.     The actions of Defendants Dobbs, Jones, Tscherning and Bolen were taken in the face of a perceived risk that the actions would violate federal and/or state laws and the Fifth and Eighth Amendments of the U.S. Constitution as applied to the political subdivisions of the State of Missouri through the Fourteenth Amendment of the U.S. Constitution. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

55.     The acts of Defendants Dobbs, Jones, Tscherning and Bolen were willfully wrong or done with malice, corruption, or bad faith. *Southers v. City of Farmington*, 263 S.W.3d 603,

610 (Mo. 2008) (*citing Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. Banc 2006); *Jackson v. City of Wentzville*, 844 S.W.2d 585, 588 (Mo.App. 1993).

56.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of exemplary or punitive damages against Defendants Dobbs, Jones, Tscherning and Bolen in their individual capacities, so as to punish the Defendants and deter others from acting in a similar manner.

### Attorney Fees

57.     Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover their attorney fees and costs incurred in pursuing this claim against Defendant Butler County.

**WHEREFORE**, Plaintiffs request this Court enter judgment in favor of Plaintiffs and against all Defendants, jointly and severally, for compensatory damages for the injuries Decedent Burke suffered prior to death, including pain and suffering, and/or for the wrongful death of Noah Burke as are fair and reasonable; and against Defendants Dobbs, Jones, Tscherning and Bolen for reasonable punitive or exemplary damages in such sum as will serve to punish and deter those Defendants and others from future conduct such as the described herein; and against Defendant Butler County Plaintiff's attorney fees and costs herein expended; and for such other and further relief as this Court deems just and proper including taxable court costs and pre-judgment and post-judgment interest.

### COUNT II
#### (All Plaintiffs v. All Defendants)
### VIOLATIONS OF 42 U.S.C. § 1983, THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUION AND STATE AND FEDERAL LAWS FOR FAILURE TO ADEQUETLY TRAIN AND STAFF JAIL PERSONNEL IN SUFFICENT NUMBER AND TYPE

58.     Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

59.     Defendants had a duty to detainees of the Butler County Jail to staff the jail with a sufficient number of competent staff to ensure the safety of the staff and detainees.

60.     Defendants had a duty to the jail detainees to staff the jail with medical staff that were available 24-hours a day seven days a week.

61.     Defendants failed to adequately train and staff the jail with qualified and competent medical personnel.

62.     Defendant Butler County had a duty to train its employees to recognize when a pretrial detainee needed medical and/or psychological evaluation. *Yellow Horse v. Pennington Cty.*, 225 F.3d 923, 928 (8th Cir. 2000). Defendants also had a duty to train its employees on how to obtain immediate medical and/or psychological evaluations for pretrial detainees through use of the services like the ambulance and emergency room.

63.     Defendants failed to adequately train the jail staff to recognize when a detainee needed medical and/or psychological evaluation and attention.

64.     On information and belief, the Butler County Jail had a policy or practice (written or understood) of not staffing appropriate medical personnel on evenings and weekends to save money, and such personnel possess the appropriate training to recognize when further medical treatment is needed for a pretrial detainee.

65.     Defendants' failure to train the on-duty jail staff to recognize when a pretrial detainee needs medical assessment and/or treatment, combined with Defendants' failure to provide staff who were medically trained and qualified to identify, assess and/or treat serious medical conditions resulted in a failure to send Decedent Burke to the emergency room or hospital where said assessment and/or treatment could be performed and worse yet, the use a restraint chair in lieu of the critical medical assessments and/or treatment.

66.     As a result of the aforementioned failures Defendants violated 42 U.S.C. 1983 and Decedent Burke's Constitutional rights pursuant to the Fifth, Eighth and Fourteenth Amendments by exhibiting a callous and deliberate indifference to, and a reckless and conscious disregard for detainee's medical needs, including but not limited to denying access to any meaningful timely medical evaluation, care, treatment, and observation necessary to address serious medical needs and prevent extreme pain, suffering and death.

67.     Defendants' conduct alleged in Count II was objectively and subjectively a violation of Decedent's Constitutional rights.

68.     The actions or omissions of Defendants were taken in the face of a perceived risk that the actions would violate federal and/or state laws.

69.     As a result of all of the allegations in Count II, Decedent Burke suffered extreme emotional and physical distress.

70.     As a result of all of the allegations in Count II, Decedent Burke died.

**Compensatory Damages**

71.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of compensatory damages against Defendants.

**Punitive Damages**

72.     The actions and failures to act of Defendants Dobbs, Jones, Tscherning and Bolen were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of Decedent Burke.

73.     The actions of Defendants Dobbs, Jones, Tscherning and Bolen were taken in the face of a perceived risk that the actions would violate federal and/or state laws and the Fifth and Eighth Amendments of the U.S. Constitution as applied to the political subdivisions of the State

of Missouri through the Fourteenth Amendment of the U.S. Constitution. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

74.     The acts of Defendants Dobbs, Jones, Tscherning and Bolen were willfully wrong or done with malice, corruption, or bad faith. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008) (*citing Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. Banc 2006); *Jackson v. City of Wentzville*, 844 S.W.2d 585, 588 (Mo.App. 1993).

75.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of exemplary or punitive damages against Defendants Dobbs, Jones, Tscherning and Bolen in their individual capacities, so as to punish the Defendants and deter others from acting in a similar manner.

**Attorney Fees**

76.     Pursuant to 42 U.S.C. § 1988, Plaintiff the Estate of Burke is entitled to recover their attorney fees and costs incurred in pursuing this claim against Defendant Butler County.

**WHEREFORE**, Plaintiffs request this Court enter judgment in favor of Plaintiffs and against all Defendants, jointly and severally, for compensatory damages for the injuries Decedent Burke suffered prior to death, including pain and suffering, and/or for the wrongful death of Noah Burke as are fair and reasonable; and against Defendants Dobbs, Jones, Tscherning and Bolen for reasonable punitive or exemplary damages in such sum as will serve to punish and deter those Defendants and others from future conduct such as the described herein; and against Defendant Butler County Plaintiff's attorney fees and costs herein expended; and for such other and further relief as this Court deems just and proper including taxable court costs and pre-judgment and post-judgment interest.

## COUNT III
### (All Plaintiffs v. ALL Defendants)

15

**VIOLATION OF 42 U.S.C. § 1983 FOR CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AGAINST ALL DEFENDANTS**

77.　　Plaintiffs incorporate the above allegations as if set forth in full herein.

78.　　Restraining Decedent Burke in a chair for several hours under the aforementioned circumstances constitutes cruel and unusual punishment.

79.　　Denying Decedent Burke water for several hours under the aforementioned circumstances constitutes cruel and unusual punishment.

80.　　Denying Decedent Burke food for several hours constitutes cruel and unusual punishment.

81.　　Denying Decedent Burke toilet privileges for several hours under the aforementioned circumstances constitutes cruel and unusual punishment.

82.　　Denying Decedent Burke access to medical evaluation, intervention and treatment constitutes cruel and unusual punishment and resulted in his needless physical and emotional trauma, pain and suffering as well as his untimely death.

83.　　On information and belief, the Butler County Jail had a policy or practice (written or understood) of using the restraint chair inappropriately in the manner alleged in previous Counts.

84.　　The damages alleged in Count III are a result of aforementioned customs, policies and procedures and/or the result of a systemic failure of the Butler County Jail and its administrators to properly train and staff the jail as previously alleged.

85.　　Defendants' conduct alleged in Count III was objectively and subjectively a violation of Decedent's Constitutional rights.

**Compensatory Damages**

86.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of compensatory damages against all Defendants.

## Punitive Damages

87.     The actions and failures to act of Defendants Dobbs, Jones, Tscherning and Bolen were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of Decedent Burke.

88.     The actions of Defendants Dobbs, Jones, Tscherning and Bolen were taken in the face of a perceived risk that the actions would violate federal and/or state laws and the Fifth and Eighth Amendments of the U.S. Constitution as applied to the political subdivisions of the State of Missouri through the Fourteenth Amendment of the U.S. Constitution. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

89.     The acts of Defendants Dobbs, Jones, Tscherning and Bolen were willfully wrong or done with malice, corruption, or bad faith. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008) (*citing Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006); *Jackson v. City of Wentzville*, 844 S.W.2d 585, 588 (Mo.App. 1993).

90.     Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of exemplary or punitive damages against Defendants Dobbs, Jones, Tscherning and Bolen in their individual capacities, so as to punish the Defendants and deter others from acting in a similar manner.

## Attorney Fees

91.     Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover their attorney fees and costs incurred in pursuing this claim against Defendant Butler County.

**WHEREFORE**, Plaintiffs request this Court enter judgment in favor of Plaintiffs and against all Defendants, jointly and severally, for compensatory damages for the injuries Decedent Burke suffered prior to death, including pain and suffering, and/or for the wrongful death of Noah Burke as are fair and reasonable; and against Defendants Dobbs, Jones, Tscherning and Bolen for reasonable punitive or exemplary damages in such sum as will serve to punish and deter those Defendants and others from future conduct such as the described herein; and against Defendant Butler County Plaintiff's attorney fees and costs herein expended; and for such other and further relief as this Court deems just and proper including taxable court costs and pre-judgment and post-judgment interest.

**COUNT IV**
**(All Plaintiffs v. All Defendants)**
**VIOLATIONS OF 42 U.S.C. § 1983, THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUION AND STATE AND FEDERAL LAWS FOR USE OF EXCESSIVE FORCE AGAINST ALL DEFENDANTS**

92.     Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

93.     Defendants exhibited excessive force by the previously described use of the restraint chair under the previously described circumstances.

94.     The use of a restraint chair is not voluntary and involved the complete restraint of Decedent Burke for a long period of time, so its use constituted force.

95.     The use of the restraint chair on an obviously very unwell and agitated detainee suffering from the overdose of a powerful stimulate in a chair where he could not move his arms or legs is objectively and subjectively unreasonable.

96.     Defendants knew and/or should have known that using the restraint chair presented a risk of harm to Decedent Burke but Defendants recklessly disregarded Decedent Burke's safety by failing to take reasonable measures to minimize the risk of harm to Decedent

Burke; or better yet, by not using restraint at all and sending him to the emergency room for proper medical assessment and treatment.

97.     The aforementioned use of the restraint chair was certain or very likely to cause serious illness and needless suffering.

98.     On information and belief, the Butler County Jail had a policy or practice (written or understood) of using the restraint chair inappropriately in the manner alleged in the previous Counts.

99.     The damages alleged in Count IV are a result of aforementioned customs, policies and procedures and/or the result of a systemic failure of the Butler County Jail and its administrators to properly train and staff the jail as previously alleged.

100.    Defendants' conduct, in lieu of proper medical assessment, and treatment, caused needless suffering, pain and ultimately caused or contributed to cause the death of Decedent Burke.

101.    By the use of the aforementioned excessive force under the circumstances Defendants objectively and subjectively violated Decedent's Burke civil rights pursuant to 42 U.S.C. § 1983 as well as his Constitutional rights pursuant to the Fifth, Eighth and Fourteenth Amendments.

102.    The actions of Defendants were taken in the face of a perceived risk that the actions would violate federal and/or state laws.

**Compensatory Damages**

103.    Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendants.

**Punitive Damages**

104.    The actions and failures to act of Defendants Dobbs, Jones, Tscherning and Bolen were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of Decedent Burke.

105.    The actions of Defendants Dobbs, Jones, Tscherning and Bolen were taken in the face of a perceived risk that the actions would violate federal and/or state laws and the Fifth and Eighth Amendments of the U.S. Constitution as applied to the political subdivisions of the State of Missouri through the Fourteenth Amendment of the U.S. Constitution. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

106.    The acts of Defendants Dobbs, Jones, Tscherning and Bolen were willfully wrong or done with malice, corruption, or bad faith. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008) (*citing Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006); Jackson v. City of Wentzville, 844 S.W.2d 585, 588 (Mo.App. 1993).

107.    Pursuant to 42 U.S.C. § 1983, Plaintiff the Estate of Burke is entitled to an award of exemplary or punitive damages against Defendants Dobbs, Jones, Tscherning and Bolen in their individual capacities, so as to punish the Defendants and deter others from acting in a similar manner.

**Attorney Fees**

108.    Pursuant to 42 U.S.C. § 1988, Plaintiff the Estate of Burke is entitled to recover their attorney fees and costs incurred in pursuing this claim against Defendant Butler County.

**WHEREFORE**, Plaintiffs request this Court enter judgment in favor of Plaintiffs and against all Defendants, jointly and severally, for compensatory damages for the injuries Decedent Burke suffered prior to death, including pain and suffering, and/or for the wrongful death of Noah Burke as are fair and reasonable; and against Defendants Dobbs, Jones, Tscherning and

Bolen for reasonable punitive or exemplary damages in such sum as will serve to punish and

deter those Defendants and others from future conduct such as the described herein; and against

Defendant Butler County Plaintiff's attorney fees and costs herein expended; and for such other

and further relief as this Court deems just and proper including taxable court costs and pre-

judgment and post-judgment interest.

## SUPPLEMENTAL STATE CLAIM

### INTENTIONAL WAIVER OF SOVEREIGN IMMUNITY

109.    At all relevant times Defendant Butler County had purchased and had in effect a

policy of insurance to insure themselves and to indemnify themselves from claims or causes of

actions against them for damages caused by their employees engaged in government functions,

including the torts and civil rights violations alleged herein.

110.    The purchase of said insurance constitutes an intentional waiver of sovereign

immunity by Defendant Butler County for all of Plaintiffs' claims.

111.    Upon information and belief, said insurance policy did not preclude or prevent

waiving sovereign immunity as a condition of its issuance, or as a contractual obligation.

### COUNT V
**Plaintiff Gary Burke v. All Defendants**
**(Negligence – Wrongful Death Pursuant to R.S.Mo. §§537.080, et seq.)**

112.    Jurisdiction is proper in this Court pursuant to 42 U.S.C. §§ 1331 and 1341(3)

because this Complaint alleges violation of 42 U.S.C. § 1983. This Court has supplemental

jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

113.    Plaintiff Gary Burke re-states and re-alleges each and every one of the preceding

paragraphs as if fully set forth herein.

114.    Plaintiff Gary Burke brings this wrongful death action on behalf of the wrongful death class as the surviving natural father of Decedent Noah Burke pursuant to R.S.Mo. § 537.080(1).

115.    All Defendants owed a non-delegable duty to Decedent Burke to use reasonable care to ensure his safety, including, taking reasonable efforts to prevent harm from a dangerous condition at the jail.

116.    Defendants as named herein failed to perform their duty of using reasonable care to ensure the Decedent's safety.

117.    Defendants were negligent by:

    a.   Failing to provide Decedent Burke with a medical examination upon admission into the jail.

    b.   Failing to adequately staff the jail both in terms of quantity and quality of employees.

    c.   Failing to hire and employ a medical staff properly qualified and trained to the tasks they were asked to do.

    d.   Failing to adequately monitor detainees, including Decedent Burke.

    e.   Failing to send Decedent Burke to the Emergency Room in a timely manner.

    f.   Failing to provide reasonable access to water, toilet, etc.

    g.   Failing to provide proper medical evaluation, treatment, or intervention.

    h.   Failing to supervise detainees and jail staff.

    i.   Failing to adequately train staff.

    j.   Failing to prevent the presence of illegal dangerous substances in the jail.

    k.   Failing to discover the presence of illegal dangerous substances in the jail.

22

l.   Failing to provide 24-hour medical care/assessment.

m.   Failing to follow the restraint chair manufacturer's instructions and warning.

n.   Failing to use the restraint chair in accordance with accepted jail practices.

o.   Failing to provide Decedent with regular monitoring after he was placed into the restraint chair.

p.   Failing to provide Decedent with immediate medical care once he began exhibiting signs of obvious and extreme illness.

q.   Failing to address Decedent's lack of unrestricted movement, exercise, food, water, access to a toilet, companionship, and physical wellbeing.

r.   Failing to at least place Decedent Burke under adequate supervision during Decedent's long hours of being physically restrained in a chair or taking preventive measures necessary to prevent his death, despite knowledge that he seemed to be under the influence of a drug or drugs after being inside the facility for 4 days.

118.   Defendants were aware that detainees, including Decedent Burke, were not receiving minimally adequate health care at Butler County Jail.

119.   The use of the chair under the circumstances constituted a dangerous condition.

120.   It was reasonably foreseeable that harm would befall Decedent Burke, either directly or indirectly, as the result of the actions and omissions of Defendants.

121.   As a direct and proximate result of the failures by Defendants to perform their duty of reasonable care to ensure the safety of Decedent Burke, Decedent Burke suffered cruel and unusual punishment for hours on end as the result of an overdose before dying of acute

mixed drug intoxication, not to mention the inability to move, to use the toilet, to drink water or have food to eat.

122.    As a direct and proximate result of the failures by Defendants to perform their duty of reasonable care to ensure the safety of Decedent Burke, Decedent Burke suffered severe pain, anxiety, mental distress, and ultimately death.

123.    As a further, direct and proximate cause of the negligence and carelessness of Defendant(s), individually, and by and through its/their servants, employees and/or agents, actual or ostensible, Plaintiff Gary Burke, and other Class I beneficiaries, sustained the injuries and damages, including pecuniary losses suffered by reason of the death, funeral expenses, loss of services, loss of companionship, loss of comfort, loss of instruction, loss of guidance, loss of counsel, loss of training, and loss of support.

**WHEREFORE**, Plaintiff Gary Burke, on behalf of the wrongful death class, pray for such sum as are fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00) as actual damages against Defendants Butler County, Mark T. Dobbs, Michael Jones, Sami Tscherning, further together with taxable court costs plus interest.

### COUNT V
### Gary Burke, Personal Representative of the Estate of Noah Burke v. All Defendants
### (Negligence Survival Action)

124.    Jurisdiction is proper in this Court pursuant to 42 U.S.C. §§ 1331 and 1341(3) because this Complaint alleges violation of 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

125.    Plaintiff Gary Burke on behalf of the Estate of Noah Burke re-states and re-alleges each and every one of the preceding paragraphs as if fully set forth herein.

126.    Plaintiff Gary Burke brings this survival claim pursuant to Missouri common law and RSMo. section 537.020.

127.    All Defendants owed a non-delegable duty to Decedent Burke to use reasonable care to ensure his safety, including, taking reasonable efforts to prevent harm from a dangerous condition at the jail.

128.    Defendants as named herein failed to perform their duty of using reasonable care to ensure the Decedent's safety.

129.    Defendants were negligent by:

a.   Failing to provide Decedent Burke with a medical examination upon admission into the jail.

b.   Failing to adequately staff the jail both in terms of quantity and quality of employees.

c.   Failing to hire and employ a medical staff properly qualified and trained to the tasks they were asked to do.

d.   Failing to adequately monitor detainees, including Decedent Burke.

e.   Failing to send Decedent Burke to the Emergency Room in a timely manner.

f.   Failing to provide reasonable access to water, toilet, etc.

g.   Failing to provide proper medical evaluation, treatment, or intervention.

h.   Failing to supervise detainees and jail staff.

i.   Failing to adequately train staff.

j.   Failing to prevent the presence of illegal dangerous substances in the jail.

k.   Failing to discover the presence of illegal dangerous substances in the jail.

l.   Failing to provide 24-hour medical care/assessment.

m.  Failing to follow the restraint chair manufacturer's instructions and warning.

n.  Failing to use the restraint chair in accordance with accepted jail practices.

o.  Failing to provide Decedent with regular monitoring after he was placed into the restraint chair.

p.  Failing to provide Decedent with immediate medical care once he began exhibiting signs of obvious and extreme illness.

q.  Failing to address Decedent's lack of unrestricted movement, exercise, food, water, access to a toilet, companionship, and physical wellbeing.

r.  Failing to at least place Decedent Burke under adequate supervision during Decedent's long hours of being physically restrained in a chair or taking preventive measures necessary to prevent his death, despite knowledge that he seemed to be under the influence of a drug or drugs after being inside the facility for 4 days.

130.  Defendants were aware that detainees, including Decedent Burke, were not receiving minimally adequate health care at Butler County Jail.

131.  The use of the chair under the circumstances constituted a dangerous condition.

132.  It was reasonably foreseeable that harm would befall Decedent Burke, either directly or indirectly, as the result of the actions and omissions of Defendants.

133.  As a direct and proximate result of the failures by Defendants to perform their duty of reasonable care to ensure the safety of Decedent Burke, Decedent Burke suffered cruel and unusual punishment for hours on end as the result of an overdose before dying of acute mixed drug intoxication, not to mention the inability to move, to use the toilet, to drink water or have food to eat.

134.     As a direct and proximate result of the failures by Defendants to perform their duty of reasonable care to ensure the safety of Decedent Burke, Decedent Burke suffered severe pain, anxiety and mental distress.

**WHEREFORE**, Plaintiff Gary Burke, on behalf of the Estate of Noah Burke, pray for such sums as are fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00) as actual damages against Defendants Butler County, Mark T. Dobbs, Michael Jones, Sami Tscherning, further together with taxable court costs plus interest.

**PETERSON & ASSOCIATES, P.C.**

*/s/ Kevin T. Young*
Kevin Young  #62451 (MO)
801 W. 47th Street, Suite 107
Kansas City, Missouri 64112
(816) 531-4440
(816) 531-0660 (Facsimile)
kty@petersonlawfirm.com