# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY BURKE, individually and on behalf of the wrongful death class, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 1:22-CV-00006-ACL |
| vs. | )<br>) |
| BUTLER COUNTY, MISSOURI, | )<br>) |
| Defendant. | ) |

## JOINT APPLICATION FOR APPROVAL OF THE SETTLEMENT FOR THE INJURIES TO AND DEATH OF NOAH BURKE, DECEASED WITH BUTLER COUNTY, MISSOURI, TO DISTRIBUTE THE SETTLEMENT PROCEEDS TO THE HEIRS AND BENEFICIARIES OF NOAH BURKE, DECEASED, AND TO APPROVE EACH MINOR'S SETTLEMENT FROM THE SETTLEMENT PROCEEDS

Plaintiff Gary Burke, Individually, as the representative of the Class 1 Beneficiaries under the Missouri Wrongful Death Statute Mo.Rev.Stat. §537.080 (2016), and as an Heir and Beneficiary of Noah Burke, Deceased ("Plaintiff"), and Butler County, Missouri, ("Defendant") (Plaintiff and Defendant collectively referred to as the "Parties"), by and through counsel, pursuant to Mo.Rev.Stat §507.184, §537.090, and §537.095 (2016), hereby apply to the Court for approval of the settlement of the causes of action and claims Plaintiff has asserted individually and for and on behalf of the surviving beneficiaries of Noah Burke, deceased, against Defendant for injuries to and death of Noah Burke, deceased, to distribute the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased, and to approve each Minor's Settlement from the Settlement Proceeds.

The Parties request approval of the settlement on the following grounds:

1. Plaintiff has asserted claims for damages against the Defendant arising out of the injuries to and death of Noah Burke, deceased in Butler County, Missouri on December 19, 2020.

1

Plaintiff contends that the injuries to and death of Noah Burke, deceased were caused by the acts, omissions and negligence of employees of Defendant arising out of their alleged actions at the Butler County Detention Center on December 18, 2020 and December 19, 2020 and include claims for injuries to and death of Noah Burke, deceased on December 19, 2020 pursuant to the Missouri Wrongful Death Act, Mo.Rev.Stat. §537.080, et seq. (2016) as is more specifically alleged in the Second Amended Complaint filed herein and incorporated herein by reference. The Defendant has generally and specifically denied the claims of the Plaintiff in the Second Amended Complaint in the Joint and Separate Answer filed herein which is incorporated herein by reference.

2. Decedent Noah Burke is survived by his mother Nancy Burke, his father Plaintiff, Gary Burke, and his Minor children T.W, C.J.C., A.D.B., and S.E.B. who are the individuals entitled to bring an action for the injuries to and death of Noah Burke, deceased under Mo.Rev.Stat. §537.080.1(1) (2016). By Order of the Court dated April 3, 2023, Tatianna Williams, (Natural Mother of T.W., a Minor) was appointed Next Friend of T.W., a Minor, Nancy Burke, (grandmother and legal guardian of C.J.C., a Minor) was appointed Next Friend of C.J.C., a Minor, Joshua Burke (adoptive father of A.D.B., a Minor) was appointed Next Friend of A.D.B., a Minor, and Nancy Burke (grandmother of S.E.B., a Minor) was appointed Next Friend of S.E.B, a Minor, to represent each Minor child's interest in the approval of the settlement and the distribution of the settlement proceeds approved by the Court. No other person known to the Parties hereto is entitled to bring an action for the alleged injuries to and wrongful death of Noah Burke, deceased under Mo.Rev.Stat. §537.080.1(1) (2016) other than the individuals identified in this paragraph.

3. Plaintiff has filed this action for and on behalf of himself as an heir and beneficiary of Noah Burke, deceased and for and on behalf of all living members in the Class of beneficiaries in Mo.Rev.Stat. §537.080.1(1) (2016) including Nancy Burke as the mother of Noah Burke, deceased and all of Noah Burke's Minor children as identified and referred to in Paragraph 2.

4. Pursuant to the provisions of Mo.Rev.Stat. §537.095 (2016), all Parties having any cause of action under Mo.Rev.Stat. §537.080.1(1) (2016) for the injuries to and death of Noah Burke, deceased will be notified of this cause of action, the filing of the Joint Application for the Approval of the Settlement for the Injuries to and Death of Noah Burke, Deceased with the Defendant, to Distribute the Settlement Proceeds to the Heirs and Beneficiaries of Noah Burke, Deceased, and to Approve Each Minor's Settlement From the Settlement Proceeds("Joint Application") and the date of the hearing on the Joint Application by either being a Party to this action or by the Next Friends of the Minors.

5. Pursuant to the provisions of Mo.Rev.Stat. §537.095 (2016), Plaintiff may compromise and settle the claim for damages for the injuries to and death of Noah Burke, deceased as described in Paragraph 1, without the joinder of any other Party. All heirs and beneficiaries of Noah Burke, deceased in Mo.Rev.Stat. §537.080.1(1) (2016) will have the opportunity to attend the hearing to approve the settlement and the distribution of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased.

6. This Court has jurisdiction and venue over the causes of action asserted by the Plaintiff against the Defendant because the alleged acts causing the alleged injuries to and death of Noah Burke, deceased occurred in Butler County, Missouri located in the Eastern District of Missouri, Southeastern Division.

7. Although claims have been made against the Defendant, the Defendant has denied and continues to deny any negligence, fault, act or omission with respect to the incidents or occurrences allegedly causing the injuries to and death of Noah Burke, as are alleged in the Second Amended Complaint filed herein.

8. Plaintiff has continued to pursue the causes of action against the Defendant; however, the amount of liability and damages attributable to the Defendant has been and is contested both to liability and to the extent of damages. Plaintiff and the Defendant have agreed to a settlement and compromise of the aforementioned claims subject to the Court's approval. The Parties have agreed to settle all of the claims against the Defendant, including all claims for the injuries to and death of Noah Burke, deceased, for Noah Burke's conscious pain and suffering before his death, for pecuniary losses, funeral expenses (A copy of the funeral expenses is attached as Exhibit A), constitutional violations, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support suffered by reason of Noah Burke's death and all other claims for damages against Defendant arising out of the alleged injuries to and death of Noah Burke on December 19, 2020, including all claims for damages for wrongful death, aggravating circumstances, and other damages to Noah Burke provided in Mo.Rev.Stat. §537.090 (2016) and all claims for damages to Noah Burke's surviving heirs and beneficiaries under Mo.Rev.Stat. §537.080.1 by reason of the injuries to and death of Noah Burke, the consideration for which is the payment of Nine Hundred Seventy-Five Thousand and 00/100 Dollars ($975,000.00) on behalf of Defendant ("Settlement Proceeds).

9. Plaintiff, with advice of counsel, having considered the circumstances surrounding the death of Noah Burke, states and represents to the Court that he believes that this proposed offer of settlement and compromise is fair and reasonable, is in the best interest of the heirs and beneficiaries of Noah Burke, deceased, and is in the best interest of the Minor heirs and beneficiaries of Noah Burke, deceased and should be approved by the Court.

10. Plaintiff contracted with Peterson & Associates, P.C. to represent Plaintiff's interest in the claims and causes of action against the Defendant. Pursuant to the Contract of Employment, Peterson & Associates, P.C. is entitled to an attorney fee in the amount of 40% of the settlement and the payment of case expenses and costs if the proposed settlement is approved and carried out. Consequently, the Plaintiff and the law firm requests the Court to approve a payment to the law firm in the amount of Three Hundred Ninety Thousand and 00/100 Dollars ($390,000.00) from the Settlement Proceeds in full payment of the attorney fees and approve payment of case expenses and cost in the amount of One Hundred Sixty-Eight Thousand Four Hundred Sixty-One and 36/100 Dollars ($168,461.36) upon approval of the settlement. The attorney for Peterson & Associates, P.C., who represents Plaintiff, will present evidence at the hearing to approve the settlement and distribution of the Settlement Proceeds about the amount of the attorney fees, case expenses, and costs that the firm is requesting. A copy of the Contract of Employment for the law firm is attached as Exhibit B.

11. Plaintiff and the Defendant seek the Court's approval of this settlement and a Judgment approving the Settlement and awarding the Settlement Proceeds for the exclusive use and benefit of the heirs and beneficiaries of Noah Burke, deceased, to be distributed to each of them and their attorney in amounts to be determined at the hearing to approve the

settlement and to approve each Minor's settlement from the Settlement Proceeds. Plaintiff and the Next Friends of the Minors have agreed that the Settlement Proceeds approved to be distributed to each Minor will be used for the purchase of an annuity for each Minor to be approved by the Court in an Application For Approval of the Purchase of Annuities from the Minors' Distribution of the Settlement Proceeds..

12. Plaintiff requests that the Court approve the payment of attorney fees, case expenses, and costs to the Peterson & Associates, P.C. in an amount to be decided and approved by the Court based upon the evidence presented at the hearing to approve the settlement and distribution of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased. Plaintiff also requests the Court to distribute the net amount of the Settlement Proceeds after the deduction of attorney fees, case expenses, and costs paid to Peterson & Associates, P.C. to the heirs and beneficiaries of Noah Burke, deceased, in amounts to be determined by the Court based upon evidence presented at the hearing to distribute the Settlement Proceeds approved by the Court as requested herein.

13. Plaintiff has agreed to satisfy and pay any and all valid liens which have arisen out of the injuries to and death of Noah Burke or as a result of any medical care and treatment, funeral expenses, claims of other beneficiaries, subrogation interests, or any other expenses incurred as a result of the injuries to and death of Noah Burke on December 19, 2020 out of the Settlement Proceeds, and has agreed to indemnify and hold harmless the Defendant from all such liens, claims and expenses. Plaintiff confirms that to his knowledge no liens either exist or have been asserted for any claims arising out of the injuries to and death of Noah Burke, deceased.

14. Plaintiff and Defendant agree that the settlement proceedings for which approval of this Court is requested are not to be construed as an admission of liability on the part of anyone, with the Defendant denying that it was negligent or at fault with respect to the incidents or occurrences described in the Second Amended Complaint and denying any liability for the injuries to and death of Noah Burke on December 19, 2020.

15. Subject to the approval of the settlement by the Court, including each Minor's settlement, the Court approving the amount of attorney fees, case expenses, and costs to be paid to Peterson & Associates, P.C. and the Court approving the amount of the distribution from the net Settlement Proceeds to Plaintiff and the heirs and beneficiaries of Noah Burke, deceased, Plaintiff has agreed to execute a Confidential General and Full Release of All Claims ("Release") for the Injuries to and Death of Noah Burke, deceased and Nancy Burke, Tatianna Williams, and Joshua Burke, as Next Friends of the Minors, have agreed to execute a Confidential Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased ('Settlement Agreement") upon the approval of the Minors' settlements and approval of the purchase of annuities for each Minor by the Court. A copy of the proposed Release for execution by the Plaintiff is attached as Exhibit C. Defendant requests that the Plaintiff execute the Release upon the payment of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased approved herein and that the Next Friends of the Minor children execute the Settlement Agreement upon the approval of the Minors' Settlements and the purchase of annuities for and on behalf of each Minor. A copy of the Confidential Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased executed by each Next Friend on behalf of the Minors

will be filed with the Court upon the approval of the Minors' settlements by the Court, the approval of the annuities to be purchased for each Minor by the Court, and the purchase of the respective annuities.

16. The Plaintiff and the Defendant agree that this settlement, if approved by the Court, is a good faith settlement with the Defendant, and the Plaintiff and the Defendant request the Court to find that each Release executed by the Plaintiff and the Next Friends is given in good faith to the Defendant as that term is used in Mo.Rev.Stat. §537.060 (2016) and that the Defendant is released and discharged from any claim for contribution and/or non-contractual indemnity by any other person, firm, and corporation arising out of the injuries to and death of Noah Burke on December 19, 2020 pursuant to the terms of Mo.Rev.Stat. §537.060 (2016).

17. The Defendant also requests the Court order the heirs and beneficiaries of Noah Burke, deceased who receive a distribution of the Settlement Proceeds to execute and file a Receipt herein tendered by the Defendant confirming the payment of the Settlement Proceeds to each heir and beneficiary of Noah Burke, deceased as approved and ordered by the Court herein when the payments are made to each heir and beneficiary of Noah Burke, deceased to satisfy the requirements of the Judgment approving the settlement, and the Order approving the purchase of the annuities for each Minor.

18. The Defendant also requests the Court to order Peterson & Associates, P.C. to file a Receipt for the payment of attorney fees, case expenses, and costs approved by the Court upon the payment of the attorney fees, case expenses, and costs to the law firm.

19. Plaintiff requests the Court to grant him leave to waive a jury herein and to submit all issues in the proposed settlement to this Court for determination and approval of the

settlement for the injuries to and death of Noah Burke, deceased, to hear and determine the amount of the distribution of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased including the Approval of each Minor's Settlement from the Settlement Proceeds, and to approve the amount of attorney fees, case expenses, and costs to be paid to Peterson & Associates, P.C. as requested herein.

**WHEREFORE**, Plaintiff and the Defendant pray the Court to hear and determine the issues in this cause and to enter a Judgment **FINDING, ADJUDGING AND DECREEING**:

(a) That this Court has jurisdiction and venue over this cause of action and the settlement of the claims for the injuries to and death of Noah Burke, deceased against the Defendant, and that Plaintiff is granted leave to waive a jury herein and to submit all issues of the proposed settlement to this Court for a determination;

(b) That pursuant to the provisions of Mo.Rev.Stat. §537.095 (2016), all heirs and beneficiaries having a cause of action under Mo.Rev.Stat. §537.080.1(1) (2016) for the injuries to and death of Noah Burke, deceased have been duly notified of the claims asserted for the injuries to and death of Noah Burke, deceased, the filing of the Joint Application, and the date and time of the hearing for the Court to approve the settlement, to approve the distribution of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased, and to approve each Minor's settlement from the Settlement Proceeds as requested herein and are before the Court as a Party to this action or as Next Friends of the Minor beneficiaries of Noah Burke, deceased;

(c) That pursuant to the provisions of Mo.Rev.Stat. §537.095 (2016), Plaintiff may compromise the claims for damages for the injuries to and death of Noah Burke, deceased as an heir and beneficiary of Noah Burke, deceased under Mo.Rev.Stat. §527.095.1 (2016) without the joinder of any other party;

(d) That the aforementioned settlement with the Defendant for the injuries to and death of Noah Burke, deceased is proper and is in the best interest of the Plaintiff, the Minor children of Noah Burke, deceased, and the heirs and beneficiaries of Noah Burke, deceased, and is approved;

(e) That the settlement for the injuries to and death of Noah Burke, deceased with the Defendant for the Settlement Proceeds in the amount of Nine Hundred Seventy-Five Thousand and 00/100 Dollars ($975,000.00) is approved;

(f) That Plaintiff entered into a Contract of Employment with Peterson & Associates, P.C. to represent his interests in the cause of action and claims asserted against the Defendant for the injuries to and death of Noah Burke, deceased, and pursuant to the Contract of Employment and the request of the Plaintiff, Peterson & Associates, P.C. is entitled to an attorney fee of 40% of the settlement in the amount of Three Hundred Ninety Thousand and 00/100 Dollars ($390,000.00) and payment of case expenses and costs in the amount of One Hundred Sixty-Eight Four Hundred Sixty-One Thousand and 36/100 Dollars ($168,461.36) if the proposed settlement is approved and carried out. That Peterson & Associates, P.C. will present evidence about their attorney fees, case expenses and costs at the hearing to approve the settlement and will be awarded attorney fees, case

expenses and costs in an amount to be determined by the Court at the hearing to approve the settlement and a distribution of the Settlement Proceeds;

(g) That the Plaintiff will pay Peterson & Associates, P.C. attorney fees, case expenses and costs as approved and ordered by the Court from the Settlement Proceeds upon approval of the settlement by the Court and the attorney fees, case expenses and costs to be paid to Peterson & Associates, P.C.;

(h) That upon approval of the settlement with the Defendant as requested by the Parties herein, the Court will hear evidence from the Plaintiff, Nancy Burke, and the Next Friends of the Minor children of Noah Burke, deceased about the amount of the Settlement Proceeds after the deduction of attorney fees, case expenses and costs as approved and ordered by the Court to be paid to Plaintiff, Nancy Burke, and the Next Friends for and on behalf of the Minor children from the remaining Settlement Proceeds. Based up the evidence presented, the Court will enter a Judgment approving the Settlement and distributing the remaining Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased and finding that the Settlement for each Minor is approved and will be used to purchase an annuity for each Minor to be approved in an Application for Approval of the Purchase of Annuities from the Minors' Distribution of the Settlement Proceeds that will be subject to the terms and conditions of the Order approving the Purchase of the Annuities for each Minor;

(i) That the Plaintiff individually, and for and on behalf of the heirs and beneficiaries of Noah Burke, deceased, be ordered, empowered, authorized and directed to execute the Confidential General and Full Release of All Claims For the Injuries

to and Death of Noah Burke, deceased attached hereto as Exhibit C releasing all claims against the Defendant arising out of the injuries to and death of Noah Burke, deceased on December 19, 2020 upon the payment of the Settlement Proceeds approved herein to each of the heirs and beneficiaries as requested herein;

(j) That Nancy Burke, Tatianna Williams and Joshua Burke, as the Next Friends of the Minor children and, for and on behalf of the Minor children, be ordered, empowered, authorized, and directed to execute a Confidential Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased releasing all claims against the Defendant arising out of the injuries to and death of Noah Burke, deceased upon the approval of the Minors' settlements from the settlement as requested herein and the purchase of the annuities for each Minor which will be filed herein;

(k) That the settlement is a good faith settlement with the Defendant and the Confidential General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased and the Confidential Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased are executed and given to the Defendant in good faith pursuant to Mo.Rev.Stat. §537.060 (2016) and the Defendant is released and discharged for any claims for contribution and non-contractual indemnity by any other person, firm, and corporation arising out of the injuries to and death of Noah Burke on December 19, 2020 pursuant to the terms of Mo.Rev.Stat. §537.060 (2016);

(l) That the payment of the Settlement Proceeds is not to be construed as an admission of liability on the part of the Defendant with the Defendant denying any negligence or fault with respect to the alleged incidents or occurrences allegedly causing the injuries to and death of Noah Burke, deceased on December 19, 2020;

(m) That the heirs and the beneficiaries of Noah Burke, deceased who receive a distribution of the Settlement Proceeds shall collect the Settlement Proceeds as ordered and approved by the Court and will execute and file a Receipt for the payment of the Settlement Proceeds approved herein;

(n) That Peterson & Associates, P.C. shall file a Receipt for the payment of attorney fees, case expenses and costs approved herein and ordered by the Court upon the payment of the attorney fees, case expenses and costs to the law firm;

(o) That Plaintiff shall bear and be responsible to pay the costs and attorney fees incurred by him in this case and Defendant shall bear and be responsible to pay the costs and attorney fees incurred by Defendant in this case; and

(p) For such other and further relief that the Court deems just and proper.

Respectfully submitted,

**PETERSON & ASSOCIATES, P.C.**

By:/s/ Kevin T. Young
Kevin T. Young #62451 MO
801 W. 47th Street, Suite 107
Kansas City, MO 64112
Phone: (816) 531-4440
Fax: (816) 531-0660
kty@petersonlawfirm.com

*Attorney for Plaintiff*
*Gary Burke, individually and on*
*behalf of the wrongful death class*

and


**PAULE, CAMAZINE & BLUMENTHAL, P.C.**

By:/s/ D. Keith Henson
D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
Clayton (St. Louis), MO 63105
Telephone: (314) 727-2266
Facsimile: (314) 727-2101
E-mail: khenson@pcblawfirm.com

*ATTORNEY FOR DEFENDANT*
*BUTLER COUNTY MISSOURI*

