IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY BURKE, individually and on behalf of the wrongful death class,<br><br>Plaintiff,<br>vs.<br><br>BUTLER COUNTY, MISSOURI,<br><br>Defendant. | )<br>)<br>)<br>)  Case No.:  1:22-CV-6-ACL<br>)<br>)<br>)<br>)<br>)<br>) |

**JUDGMENT UNDER Mo.Rev.Stat.§ 537.095 AND § 507.184 (2016) APPROVING SETTLEMENT FOR THE INJURIES TO AND DEATH OF NOAH BURKE, DECEASED, WITH BUTLER COUNTY, MISSOURI, TO DISTRIBUTE THE SETTLEMENT PROCEEDS TO THE HEIRS AND BENEFICIARIES OF NOAH BURKE, DECEASED, AND TO APPROVE EACH MINOR'S SETTLEMENT FROM THE SETTLEMENT PROCEEDS**

This matter is before the Court on the Joint Application for Approval of the Settlement for the Injuries to and Death of Noah Burke, Deceased, with Butler County, Missouri, to Distribute the Settlement Proceeds to the Heirs and Beneficiaries of Noah Burke, Deceased, and to Approve Each Minor's Settlement from the Settlement Proceeds. ("Joint Application"). An evidentiary hearing was held on May 5, 2023. Plaintiff Gary Burke, individually, as representative of the Class 1 Beneficiaries under the Missouri Wrongful Death Statute Mo.Rev.Stat. §537.080.1(1), and as an heir and beneficiary of Noah Burke, deceased ("Plaintiff") appeared in person and by his attorney Kevin T. Young. Nancy Burke, individually, as the mother of Noah Burke, deceased, as an heir and beneficiary of Noah Burke, deceased under the Missouri Wrongful Death Statute Mo.Rev.Stat. §537.080.1(1) and as Next Friend of S.E.B. and C.J.C., minor children of Noah Burke, deceased appeared in person. Tatianna Williams, the Next Friend of T.W., a minor child of Noah Burke, deceased appeared in person. Joshua Burke, the Next Friend of A.D.B., a minor child of Noah

1

Burke, deceased appeared in person. Defendant Butler County, Missouri ("Defendant") appeared by and through their attorney D. Keith Henson. After reviewing the Joint Application, hearing evidence, and statements of counsel, the Court makes the following findings:

1.  Plaintiff has asserted claims for damages against the Defendant arising out of the injuries to and death of Noah Burke, deceased in Butler County, Missouri on December 19, 2020.  Plaintiff contends that the injuries to and death of Noah Burke, deceased were caused by the acts, omissions and negligence of employees of Defendant arising out of their alleged actions at the Butler County Detention Center on December 18, 2020 and December 19, 2020 and include claims for injuries to and death of Noah Burke, deceased on December 19, 2020 pursuant to the Missouri Wrongful Death Act, Mo.Rev.Stat. §537.080, et seq. (2016) as is more specifically alleged in the Second Amended Complaint filed herein and incorporated herein by reference.  The Defendant has generally and specifically denied the claims of the Plaintiff in the Second Amended Complaint in the Joint and Separate Answer filed herein which is incorporated herein by reference.

2.  Decedent Noah Burke is survived by his mother Nancy Burke, his father Plaintiff, Gary Burke, and his Minor children T.W, C.J.C., A.D.B., and S.E.B. who are the individuals entitled to bring an action for the injuries to and death of Noah Burke, deceased under Mo.Rev.Stat. §537.080.1(1) (2016).  By Order (Doc. 70) of the Court dated April 3, 2023:

   a. Tatianna Williams, (Natural Mother of T.W., a Minor) was appointed Next Friend of T.W., a Minor;

   b. Nancy Burke, (grandmother and legal guardian of C.J.C., a Minor) was appointed Next Friend of C.J.C., a Minor;

   c. Joshua Burke (adoptive father of A.D.B., a Minor) was appointed Next Friend of A.D.B., a Minor; and

    d. Nancy Burke (grandmother of S.E.B., a Minor) was appointed Next Friend of S.E.B, a Minor,

to represent each Minor child's interest in the approval of the settlement and the distribution of the settlement proceeds approved by the Court. No other person known to the Parties hereto is entitled to bring an action for the alleged injuries to and wrongful death of Noah Burke, deceased under Mo.Rev.Stat. §537.080.1(1) (2016) other than the individuals identified in this paragraph.

3. Plaintiff has filed this action for and on behalf of himself as an heir and beneficiary of Noah Burke, deceased and for and on behalf of all living members in the Class of beneficiaries in Mo.Rev.Stat. §537.080.1(1) (2016) including Nancy Burke as the mother of Noah Burke, deceased and all of Noah Burke's Minor children as identified and referred to in Paragraph 2.

4. Pursuant to the provisions of Mo.Rev.Stat. §537.095 (2016), all Parties having any cause of action under Mo.Rev.Stat. §537.080.1(1) (2016) for the injuries to and death of Noah Burke, deceased will be notified of this cause of action, the filing of the Joint Application for the Approval of the Settlement for the Injuries to and Death of Noah Burke, Deceased with the Defendant, to Distribute the Settlement Proceeds to the Heirs and Beneficiaries of Noah Burke, Deceased, and to Approve Each Minor's Settlement From the Settlement Proceeds("Joint Application") and the date of the hearing on the Joint Application by either being a Party to this action or by the individuals appointed as Next Friends of the Minors.

5. Pursuant to the provisions of Mo.Rev.Stat. §537.095 (2016), Plaintiff may compromise and settle the claim for damages for the injuries to and death of Noah Burke, deceased as described in Paragraph 1, without the joinder of any other Party. All heirs and beneficiaries of Noah Burke, deceased in Mo.Rev.Stat. §537.080.1(1) (2016) had the opportunity to attend the hearing to

3

approve the settlement and the distribution of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased.

6. This Court has jurisdiction and venue over the causes of action asserted by the Plaintiff against the Defendant because the alleged acts causing the alleged injuries to and death of Noah Burke, deceased occurred in Butler County, Missouri located in the Eastern District of Missouri, Southeastern Division.

7. Although claims have been made against the Defendant, the Defendant has denied and continues to deny any negligence, fault, act or omission with respect to the incidents or occurrences allegedly causing the injuries to and death of Noah Burke, as are alleged in the Second Amended Complaint filed herein.

8. Plaintiff has continued to pursue the causes of action against the Defendant; however, the amount of liability and damages attributable to the Defendant has been and is contested both to liability and to the extent of damages. Plaintiff and the Defendant have agreed to a settlement and compromise of the aforementioned claims subject to the Court's approval. The Parties have agreed to settle all of the claims against the Defendant, including all claims for the injuries to and death of Noah Burke, deceased, for Noah Burke's conscious pain and suffering before his death, for pecuniary losses, funeral expenses, constitutional violations, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support suffered by reason of Noah Burke's death and all other claims for damages against Defendant arising out of the alleged injuries to and death of Noah Burke on December 19, 2020, including all claims for damages for wrongful death, aggravating circumstances, and other damages to Noah Burke provided in Mo.Rev.Stat. §537.090 (2016) and all claims for damages to Noah Burke's surviving heirs and beneficiaries under Mo.Rev.Stat. §537.080.1 by reason of the injuries to and

death of Noah Burke, the consideration for which is the payment of Nine Hundred Seventy-Five Thousand and 00/100 Dollars ($975,000.00) on behalf of Defendant ("Settlement Proceeds).

9.  Plaintiff, with advice of counsel, having considered the circumstances surrounding the death of Noah Burke, states and represents to the Court that he believes that this proposed offer of settlement and compromise is fair and reasonable, is in the best interest of the heirs and beneficiaries of Noah Burke, deceased, and is in the best interest of the Minor heirs and beneficiaries of Noah Burke, deceased and should be approved by the Court.

10. Plaintiff contracted with Peterson & Associates, P.C. to represent Plaintiff's interest and the interest of the beneficiaries under Mo.Rev.Stat. §537.080.1 (1) in the claims and causes of action against the Defendant.  Pursuant to the Contract of Employment, Peterson & Associates, P.C. is entitled to an attorney fee in the amount of 40% of the settlement and the payment of case expenses and costs if the proposed settlement is approved and carried out.  Consequently, the Plaintiff and the law firm requests the Court to approve a payment to the law firm in the amount of Three Hundred Ninety Thousand and 00/100 Dollars ($390,000.00) from the Settlement Proceeds in full payment of the attorney fees and approve payment of case expenses and cost in the amount of One Hundred Eighteen Thousand One Hundred Eighty-Eight and 14/100 Dollars ($118,188.14) upon approval of the settlement. The attorney for Peterson & Associates, P.C., who represents Plaintiff, presented evidence at the hearing to approve the settlement and distribution of the Settlement Proceeds about the amount of the attorney fees, case expenses, and costs that the firm is requesting.  The record before the Court including the May 5, 2023 witness testimony and Plaintiff's Exhibit #2, reflect that Plaintiff's counsel expended substantial time and resources on the investigation and settlement of this case.  Plaintiff's counsel secured experts to address jail administration, pathology and toxicology issues, the standard of care for medical providers and

5

emergency room care, and lost earning capacity; Plaintiff's counsel also conducted thirty depositions of numerous witnesses which required videographer, travel, and transcript expenses; as well as resolution of a difficult paternity issue.

11. Plaintiff and the Defendant seek the Court's approval of this settlement and a Judgment approving the Settlement and awarding the Settlement Proceeds for the exclusive use and benefit of the heirs and beneficiaries of Noah Burke, deceased, to be distributed to each of them and their attorney in amounts described at the hearing to approve the settlement, to distribute the Settlement Proceeds by the Court, and to approve each Minor's settlement from the Settlement Proceeds. Plaintiff Gary Burke, Nancy Burke, and the Next Friends of the Minors have agreed that the Settlement Proceeds approved to be distributed to each Minor will be used for the purchase of an annuity for each Minor to be approved by the Court in an Application For Approval of the Purchase of Annuities from the Minors' Distribution of the Settlement Proceeds. Plaintiff Gary Burke and Nancy Burke, individually and as the natural parents of Noah Burke, expressly stated they do not wish to receive any portion of the settlement proceeds rather prefer that the four minor children of decedent share equally in the proceeds.

12. Plaintiff requested that the Court approve the payment of attorney fees, case expenses, and costs to the Peterson & Associates, P.C. in an amount to be decided and approved by the Court based upon the evidence about attorney fees and case expenses and costs presented at the hearing to approve the settlement and distribution of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased. Plaintiff also requested the Court to distribute the net amount of the Settlement Proceeds after the deduction of attorney fees, case expenses, and costs paid to Peterson & Associates, P.C. to the heirs and beneficiaries of Noah Burke, deceased, including the Minor

children by and through their Next Friends in amounts to be determined by the Court based upon evidence presented at the hearing to distribute the Settlement Proceeds approved by the Court.

13. Plaintiff has agreed to satisfy and pay any and all valid liens which have arisen out of the injuries to and death of Noah Burke or as a result of any medical care and treatment, funeral expenses, claims of other beneficiaries, subrogation interests, or any other expenses incurred as a result of the injuries to and death of Noah Burke on December 19, 2020, out of the Settlement Proceeds, and has agreed to indemnify and hold harmless the Defendant from all such liens, claims and expenses. Plaintiff confirmed that to his knowledge no liens either exist or have been asserted for any claims arising out of the injuries to and death of Noah Burke, deceased. Plaintiff, individually, paid ($10,512.14) for funeral expenses related to Noah Burke's death and does not wish to be compensated for that expense.

14. Plaintiff and Defendant agree that the settlement proceedings for which approval of this Court is requested are not to be construed as an admission of liability on the part of anyone, with the Defendant denying that it was negligent or at fault with respect to the incidents or occurrences described in the Second Amended Complaint and denying any liability for the injuries to and death of Noah Burke on December 19, 2020.

15. Subject to the approval of the settlement by the Court, including each Minor's settlement, the Court approving the amount of attorney fees, case expenses, and costs to be paid to Peterson & Associates, P.C. and the Court approving the amount of the distribution from the net Settlement Proceeds to Plaintiff and the heirs and beneficiaries of Noah Burke, deceased, Plaintiff has agreed to execute a Confidential General and Full Release of All Claims ("Release") for the Injuries to and Death of Noah Burke, deceased and Nancy Burke, Tatianna Williams, and Joshua Burke, as Next Friends of the Minors, have agreed to execute a Confidential Settlement Agreement and

General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased ('Settlement Agreement") upon the approval of the Minors' settlements and approval of the purchase of annuities for each Minor by the Court. Defendant requests that the Plaintiff execute the Release upon the payment of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased approved herein and that the Next Friends of the Minor children execute the Settlement Agreement upon the approval of the Minors' Settlements and the purchase of annuities for and on behalf of each Minor. A copy of the Confidential Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased executed by each Next Friend on behalf of the Minors will be filed with the Court upon the approval of the Minors' settlements by the Court, the approval of the annuities to be purchased for each Minor by the Court, and the purchase of the respective annuities.

16.     The Plaintiff and the Defendant agree that this settlement, if approved by the Court, is a good faith settlement with the Defendant, and the Plaintiff and the Defendant request the Court to find that each Release executed by the Plaintiff and the Next Friends is given in good faith to the Defendant as that term is used in Mo.Rev.Stat. §537.060 (2016) and that the Defendant is released and discharged from any claim for contribution and/or non-contractual indemnity by any other person, firm, and corporation arising out of the injuries to and death of Noah Burke on December 19, 2020 pursuant to the terms of Mo.Rev.Stat. §537.060 (2016).

17.     The Defendant also requested the Court order the heirs and beneficiaries of Noah Burke, deceased who receive a distribution of the Settlement Proceeds to execute and file a Receipt herein tendered by the Defendant confirming the payment of the Settlement Proceeds to each heir and beneficiary of Noah Burke, deceased as approved and ordered by the Court herein when the payments are made to each heir and beneficiary of Noah Burke, deceased to satisfy the

requirements of the Judgment approving the settlement, and the Order approving the purchase of the annuities for each Minor.

18.     The Defendant also requested the Court to order Peterson & Associates, P.C. to file a Receipt for the payment of attorney fees, case expenses, and costs approved by the Court upon the payment of the attorney fees, case expenses, and costs to the law firm.

19.     Plaintiff requests the Court to grant him leave to waive a jury herein and to submit all issues in the proposed settlement to this Court for determination and approval of the settlement for the injuries to and death of Noah Burke, deceased, to hear and determine the amount of the distribution of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased including the Approval of each Minor's Settlement from the Settlement Proceeds, and to approve the amount of attorney fees, case expenses, and costs to be paid to Peterson & Associates, P.C. as requested herein. The Next Friends of the Minors made the same request.

Accordingly, based upon the foregoing findings, the evidence presented at the hearing on May 5, 2023, and the statements of counsel at the hearing,

**IT IS HEREBY ORDERED, ADJUDED, AND DECREED** that the Joint Application is approved with modifications as follows:

- A. This Court has jurisdiction and venue over this cause of action and the settlement of the claims for the injuries to and death of Noah Burke, deceased against the Defendant, and that Plaintiff is granted leave to waive a jury herein and to submit all issues of the proposed settlement to this Court for a determination;
- B. Pursuant to the provisions of Mo.Rev.Stat. §537.095 (2016), all heirs and beneficiaries having a cause of action under Mo.Rev.Stat. §537.080.1(1) (2016) for

the injuries to and death of Noah Burke, deceased have been duly notified of the claims asserted for the injuries to and death of Noah Burke, deceased, the filing of the Joint Application, and the date and time of the hearing for the Court to approve the settlement, to approve the distribution of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased, and to approve each Minor's settlement from the Settlement Proceeds and appeared before the Court, in particular Plaintiff Gary Burke, Nancy Burke, and the Next Friends of the Minors;

C. Pursuant to the provisions of Mo.Rev.Stat. §537.095 (2016), Plaintiff may compromise the claims for damages for the injuries to and death of Noah Burke, deceased as an heir and beneficiary of Noah Burke, deceased under Mo.Rev.Stat. §527.095.1 (2016) without the joinder of any other party;

D. The Nine Hundred Seventy-Five Thousand and 00/100 Dollars ($975,000.00) settlement with Defendant for the injuries to and death of Noah Burke, deceased, is proper and is in the best interest of the class one heirs and beneficiaries of Noah Burke, deceased, including Plaintiff Gary Burke, Nancy Burke, and the Minor children of Noah Burke, deceased;

E. Plaintiff entered into a contract of employment with Peterson & Associates, P.C. to represent his interest and the interest of the class one beneficiaries of Noah Burke, deceased in the cause of action and claims asserted against the Defendant for the injuries to and death of Noah Burke, deceased, and pursuant to the contract of employment, the request of the Plaintiff and the other beneficiaries, and the evidence presented by the law firm at the hearing, Peterson & Associates, P.C., an attorney fee of 40% of the settlement in the amount of $390,000.00 and case

      expenses and costs in the amount of $118,188.14, *see* Plaintiff's Exhibit #2, is approved pursuant to Mo.Rev.Stat.§507.184.3;

F. The settlement for the injuries to and death of Noah Burke, deceased, with the Defendant for the Settlement Proceeds in the amount of Nine Hundred Seventy-Five Thousand and 00/100 Dollars ($975,000.00) is approved under Mo.Rev.Stat. §§ 507.184 and 537.095;

G. Based upon the evidence presented at the hearing and in consideration of the losses sustained by Plaintiff, Nancy Burke, and the minor children of Noah Burke, deceased as described in Mo.Rev.Stat. §537.090, pursuant to §537.095.3 and according to the express wishes of Plaintiff Gary Burke and Nancy Burke, individually as the natural parents of decedent, the **Judgment of $975,000.00** is apportioned in **four equal shares of Two Hundred Forty-Three Thousand Seven Hundred Fifty and 00/100 Dollars ($243,750.00) for each minor beneficiary** and shall be distributed as follows:

   i. **$243,750** to Tatianna Williams, as Next Friend of T.W., a minor, with the balance following the payment of attorney's fees, case expenses and costs to be used **for the purchase of an annuity for T.W. in the amount of $116,702.97**, *see* paragraph H.i. below for further instructions;

   ii. **$243,750** to Nancy Burke, as Next Friend of C.J.C., a minor, with the balance following the payment of attorney's fees, case expenses and costs to be used **for the purchase of an annuity for C.J.C. in the amount of $116,702.97**, *see* Paragraph H.ii. below for further instructions;

11

  iii. **$243,750** to Joshua Burke, as Next Friend of A.D.B., a minor, with the balance following the payment of attorney's fees, case expenses and costs to be used for **the purchase of an annuity for A.D.B. in the amount of $116,702.96**, *see* paragraph H.iii. below for further instructions;

 iv. **$243,750** to Nancy Burke, as Next Friend of S.E.B., a minor, with the balance following the payment of attorney's fees, case expenses and costs to be used for **the purchase of an annuity for S.E.B. in the amount of $116,702.96**, *see* paragraph H.iv. below for further instructions;

H. Pursuant to Mo.Rev.Stat. § 537.095.4 (2), each minor beneficiary shall pay his or her equal share of the attorney fees, case expenses and costs, totaling **Five Hundred Eight Thousand One Hundred Eighty-Eight and 14/100 Dollars ($508,188.14) to Peterson & Associates, P.C.**, out of their respective portion of recovery. Specifically;

 i. T.W., by and through Next Friend Tatianna Williams, is required to pay attorney's fees, case expenses and costs in the amount of **$127,047.03 to Peterson & Associates, P.C.**;

 ii. C.J.C., by and through Next Friend Nancy Burke, is required to pay attorney's fees, case expenses and costs in the amount of **$127,047.03 to Peterson & Associates, P.C.**;

 iii. A.D.B., by and through Next Friend Joshua Burke, is required to pay attorney's fees, case expenses and costs in the amount of **$127,047.04 to Peterson & Associates, P.C.**; and

  **iv.** S.E.B., by and through Next Friend Nancy Burke, is required to pay attorney's fees, case expenses and costs in the amount of **$127,047.04 to Peterson & Associates, P.C.**

I. Plaintiff individually, and for and on behalf of the heirs and beneficiaries of Noah Burke, deceased, is ordered, empowered, authorized and directed to execute the Confidential General and Full Release of All Claims For the Injuries to and Death of Noah Burke, deceased tendered to him by Defendant releasing all claims against the Defendant arising out of the injuries to and death of Noah Burke, deceased on December 19, 2020 upon the payment of the Settlement Proceeds approved herein to each of the heirs and beneficiaries;

J. Nancy Burke, Tatianna Williams and Joshua Burke, as the Next Friends of the Minor children and, for and on behalf of the Minor children, will be ordered, empowered, authorized, and directed to execute a Confidential Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased releasing all claims against the Defendant arising out of the injuries to and death of Noah Burke, deceased upon the approval of the Minors' settlements from the settlement and the purchase of the annuities for each Minor;

K. The settlement is a good faith settlement with the Defendant and the Confidential General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased executed by the Plaintiff and the Confidential Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased to be executed by the Next Friends of each Minor upon the Approval of the Purchase of the Annuities for each Minor are given to the Defendant in good

13

faith pursuant to Mo.Rev.Stat. §537.060 (2016) and the Defendant is released and discharged for any claims for contribution and non-contractual indemnity by any other person, firm, and corporation arising out of the injuries to and death of Noah Burke on December 19, 2020 pursuant to the terms of Mo.Rev.Stat. §537.060 (2016);

L. The payment of the Settlement Proceeds is not to be construed as an admission of liability on the part of the Defendant with the Defendant denying any negligence or fault with respect to the alleged incidents or occurrences allegedly causing the injuries to and death of Noah Burke, deceased on December 19, 2020;

M. Plaintiff, Nancy Burke, and the Next Friends of the Minors shall collect the Settlement Proceeds as ordered and approved by the Court and will execute and file a Receipt for the payment of the Settlement Proceeds approved herein pursuant to Mo.Rev.Stat. §537.095.4 (5). They are not required to give bond for the collection and distribution of the net proceeds.

N. Peterson & Associates, P.C. shall file a Receipt for the payment of attorney fees, case expenses and costs approved herein and ordered by the Court upon the payment of the attorney fees, case expenses and costs to the law firm;

O. Plaintiff and the class one beneficiaries shall bear and be responsible to pay the costs and attorney fees incurred in this case as set out herein, and Defendant shall bear and be responsible to pay the costs and attorney fees incurred by Defendant in this case; and

14

P.  No later than June 5, 2023, the documents related to the annuities for the minor children must be drafted and submitted for the Court's approval.

**SO ORDERED THIS 5th DAY OF MAY, 2023.**

                         _s/Abbie Crites-Leoni_
                         **ABBIE CRITES-LEONI**
                         **UNITED STATES MAGISTRATE JUDGE**