UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

GARY BURKE, Individually and on        )
Behalf of The Wrongful Death Class,    )
                                       )
     Plaintiff,                        )
                                       )
v.                                     )        Case No. 1:22-CV-00006-ACL
                                       )
BUTLER COUNTY, MISSOURI,               )
                                       )
     Defendant.                        )

## MEMORANDUM OF FILING

Plaintiff Gary Burke, individually and on behalf of the wrongful death class, by and through counsel, and Defendant Butler County, Missouri, by and through counsel, hereby files a redacted copy of the Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased pursuant to the Judgment of the Court entered on May 05, 2023 (Doc. #77), and a redacted copy of the Qualified Assignment and Release Agreement pursuant to the Order of the Court approving the purchase of annuities from the minor's distribution of the settlement proceeds entered on June 05, 2023 (Doc. #79) with the redacted Settlement Agreement and General and Full Release of All Claims for the Injuries to and Death of Noah Burke, Deceased attached as Exhibit A and the redacted Qualified Assignment and Release Agreement attached as Exhibit B.

                    Respectfully submitted,

                    **PETERSON & ASSOCIATES, P.C.**

                    By: /s/ Kevin T. Young
                    Kevin T. Young MO#62451
                    801 W. 47th Street, Suite 107
                    Kansas City, MO 64112
                    Phone: (816) 531-4440

Fax: (816) 531-0660
E-mail: kty@petersonlawfirm.com

***ATTORNEY FOR PLAINTIFF GARY BURKE,
INDIVIDUALLY AND ON BEHALF OF THE
WRONGFUL DEATH CLASS***

and

**PAULE, CAMAZINE & BLUMENTHAL,  P.C**.

By:   /s/ D. Keith Henson
D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
Clayton (St. Louis), MO  63105
Telephone: (314) 727-2266
Facsimile:  (314) 727-2101
khenson@pcblawfirm.com
***ATTORNEY FOR DEFENDANT
BUTLER COUNTY, MISSOURI***

## SETTLEMENT AGREEMENT AND GENERAL AND FULL RELEASE OF ALL CLAIMS FOR THE INJURIES TO AND DEATH OF NOAH BURKE, DECEASED

This **Settlement Agreement and General and Full Release of All Claims For the Injuries to and Death of Noah Burke, deceased** (the "Settlement Agreement") is entered into on this 16ᵗʰ day of June, 23 by and between:

Claimants:    Nancy Burke, as Next Friend of *C. T.c* and *S. E. B.*, minor children;

Tatianna Williams, as Next Friend of *T. W.* a minor child;

Joshua Burke, as Next Friend of *A. D. B.* minor child;

Gary Burke, on behalf of the Wrongful Death Class.

(Each a "Claimant" and collectively the "Claimants")

Defendant:    Butler County, Missouri, and all past, present and future servants, employees, elected officials, appointed officials, County Commissioners, County Clerks, Sheriffs, Deputy Sheriffs, correction officers, jail administrators, supervisors, agents, attorneys, and representatives of Butler County, Missouri, including Mark Dobbs, Mike Jones, Roy Bolen and Sami Tscherning (collectively referred to herein as the "Defendant");

Insurer:    Star Insurance Company (referred to herein as the "Insurer").

(Claimants, Defendant and Insurer collectively referred to herein as the "Parties".)

EXHIBIT

A

## RECITALS

A.    Each Claimant, by and through their respective Next Friend, and Gary Burke, on behalf of the Wrongful Death Class, have asserted claims for damages against the Defendant arising out of the injuries to and death of Noah Burke on December 19, 2020 as a direct or indirect result of the alleged acts or omissions of the Defendant arising out of the incarceration of Noah Burke in the Butler County Detention Center from December 14, 2020 until December 19, 2020 in Butler County, Missouri, and the injuries to and death of Noah Burke, deceased in the Butler County Detention Center on December 19, 2020 (collectively the "Occurrence") which include claims for violations of Missouri state law, including negligence, for wrongful death under §537.080, §537.090, and §537.095 RSMo. (2016), for actual and punitive damages, for damages for aggravating circumstances, for the use of excessive force, for survivorship damages under Missouri law and §537.010, §537.020 and §537.021 RSMo. (2016) for injuries to and death of Noah Burke, deceased, for bodily and personal injury to Noah Burke, deceased, for violation of the Constitutional rights of Noah Burke under the United States Constitution pursuant to 42 U.S.C. §1983, §1985, §1988, and the Fifth, Eighth, Fourth and Fourteenth Amendments, for failure to train and supervise, for failure to provide medical care, for deliberate indifference to serious medical needs, and for violation of other state and federal laws, including the U.S. and Missouri Constitutions, as a result of the Occurrence, as is more specifically alleged in the Second Amended Complaint filed in the lawsuit styled <u>Gary Burke, individually and on behalf of the wrongful death class, Plaintiff v. Butler County, Missouri, Defendant</u> pending in the United States District Court for the Eastern District of Missouri, Southeastern Division, Case No. 1:22-CV-00006-ACL (the "Action"). The Defendant has generally and specifically denied all claims of the Claimants for the injuries to and death of Noah Burke, deceased, on December 19, 2020 in Butler County, Missouri alleged in the Action and otherwise.

B.    Each Claimant and Gary Burke, on behalf of the Wrongful Death Class, have asserted claims against the Defendant to recover damages for personal and physical injury or physical sickness allegedly sustained as a consequence of the alleged acts or omissions of the employees of Defendant in connection with the Occurrence and the injuries to and death of Noah Burke, deceased, on December 19, 2020.

C.    Star Insurance Company is the liability insurer of the Defendant and as such, would, subject to all terms and conditions of the Insurer's policy, be obligated to pay any judgment obtained against the Defendant in the Action which is covered by the policy of insurance.

D.    The Claimants, Defendant, and Insurer desire to enter into this Settlement Agreement upon the terms in this Settlement Agreement as hereinafter set forth with no admission of liability, fault, wrongdoing, or otherwise by the Defendant in order to provide for certain payments in full settlement and discharge of all claims of the Claimants against the Defendant arising from or relating to the Occurrence and the injuries to and death of Noah Burke, deceased, on December 19, 2020 upon the terms and conditions set forth herein.

E.    This Settlement Agreement is entered into by and among the Parties pursuant to the Judgment of the Court approving the settlement for the injuries to and death of Noah Burke, deceased and the distribution of the Settlement Proceeds to the heirs and beneficiaries of Noah Burke, deceased entered on the 5th day of May, 2023 in the Action and the Order of the Court approving the purchase of annuities from the Minors' distribution of the Settlement Proceeds from the settlement approved by the Court for the injuries to and death of Noah Burke, deceased entered on the 5th day of June, 2023 in the Action, and incorporated herein by reference.

## AGREEMENT

The parties agree as follows:

1.    **General and Full Release and Discharge of All Claims:**

In consideration of the payments set forth in Section 2, each Claimant by and through their respective Next Friend and Gary Burke, on behalf of the Wrongful Death Class, hereby completely releases, acquits and forever discharges the Defendant, as defined above, from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, survival rights, damages, costs, expenses, economic and non-economic damages, claims for conscious pain and suffering of Noah Burke, deceased, claims for personal injury to Noah Burke, deceased, claims for damages for the injuries to and death of Noah Burke, deceased, as allowed by §537.080 (2016) et seq. and specifically §537.090 and §537.095 RSMo. (2016), claims for survivorship damages under Missouri law and §537.010, §537.020, §537.021 §537.080, and §537.090 RSMo. (2016), claims for pecuniary losses caused by reason of the death of Noah Burke, deceased, claims for the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counseling, training, support, and society lost by reason of the injuries to and death of Noah Burke, deceased, all claims under Missouri and federal law for damages arising out of the injuries to and death of Noah Burke, deceased, all claims for damages under the Missouri and U.S. Constitutions arising out of the detention of Noah Burke, deceased in the Butler County Detention Center, claims for false arrest and false imprisonment, all claims asserted in the Action, claims for negligence, claims for actual and punitive damages, claims for damages for aggravating circumstances, claims for attorney fees, claims for constitutional violations including claims under 42 U.S.C. §1983, §1985, §1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, claims for the use of excessive force, claims for assault and battery, compensation of any nature whatsoever, whether based in tort, contract or other theory of recovery, claims for the use of excessive force, claims for failure to provide medical care, claims for failure to train and supervise, claims for deliberate indifference to serious medical needs, claims for damages under §507.184 RSMo. (2016), and all other claims for

violations of any state, federal, and common law which each Claimant now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way arising out of the detention of Noah Burke in the Butler County Detention Center from December 14, 2020 until December 19, 2020, the death of Noah Burke on December 19, 2020, the incidents described in the Action and in Recital A. above and the injuries to Noah Burke, deceased, on December 18 and 19, 2020, including, without limitation, any and all known and unknown claims for bodily and personal injuries to Noah Burke, deceased, the injuries to and death of Noah Burke, deceased, or any resulting injuries and damages to Claimants arising out of the injury to and death of Noah Burke, deceased, on December 19, 2020, or any future injury and death claim of each Claimant's representatives or heirs, which have resulted or may result from the alleged acts or omissions of the employees and officials of the Defendant as are alleged in the Action, or that could have been alleged in the Action, that allegedly caused injuries to and death of Noah Burke, deceased.

This General and Full Release and Discharge of all Claims shall also release and discharge the Defendant's past, present and future attorneys, servants, representatives, employees, predecessors and successors in interest, elected officials, appointed officials, county commissioners, county clerks, sheriffs, deputy sheriffs, correction officers, jail administrators, supervisors, agents, representatives of Butler County, Missouri, including Mark Dobbs, Mike Jones, Roy Bolen, and Sami Tscherning.

This General and Full Release and Discharge of All Claims, on the part of the Claimants, and each of them, shall be a fully binding and a complete settlement among the Claimants, the Defendant, as defined above, and their heirs, personal representatives, estates, assigns and successors.

The Claimants, and each of their Next Friends, acknowledge and agree that this release and discharge set forth above is a General and Full Release and Discharge of All Claims of each Claimant against the Defendant for the injuries to and death of Noah Burke, deceased, on December 19, 2020 as is more specifically alleged in the Action or that could have been alleged in the Action. Each Claimant expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which each Claimant does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect each Claimant's decision to enter into this Settlement Agreement. Each Claimant further agrees that each of them has accepted payment of the sums specified herein in Section 2 as a complete compromise of matters involving disputed issues of law and fact. Each Claimant assumes the risk that the facts or law may be other than Claimants believe. It is understood and agreed to by the Parties that this settlement is a compromise of disputed claims, and the payments are not to be construed as an admission of liability on the part of the Defendant, with Defendant expressly denying liability for any claim asserted in the

Action and any claim arising out of the injuries to and death of Noah Burke, deceased, as a result of the detention of Noah Burke in the Butler County Detention Center from December 14, 2020 until December 19, 2020, and the injuries to and death of Noah Burke on December 19, 2020 in Butler County, Missouri at the Butler County Detention Center.

It is expressly warranted by each Claimant that no other person or entity has asserted or is able to assert any lien, claim or entitlement to any portion of the payments and consideration paid herein. Each Claimant further expressly agrees to indemnify and hold harmless Defendant, Insurer, and their past, present, and future officers, directors, stockholders, attorneys, attorney-in-fact, servants, representatives, employees, subsidiaries, affiliates, parent entities, independent contractors, partners, predecessors and successors in interest, assigns, heirs, beneficiaries, elected officials, appointed officials, county commissioners, county clerks, sheriffs, deputy sheriffs, correction officers, jail administrators, supervisors, agents, and representatives of Butler County, Missouri, including Mark Dobbs, Mike Jones, Roy Bolen, and Sami Tscherning, from any lien, claim or entitlement to any portion of the payments and consideration paid herein for this Release which may be asserted against any of them by any person, firm, or corporation purporting to act on behalf of Claimants or as a creditor of Claimants, if such claim arises from the Occurrence and/or any claim alleged in the Action.

The Claimants acknowledge and warrant that the settlement described herein and the payment of the consideration in Section 2 releases and discharges all claims of each minor child Claimant for injuries to and death of Noah Burke, deceased against the Defendant as are alleged in the Action or that could have been alleged in the Action, and that the settlement described herein forecloses all rights of each minor child Claimant to assert any claims against the Defendant as defined above on their own behalf for the injuries to and the death of Noah Burke, deceased, upon each minor Claimant reaching the age of majority.

Each Claimant acknowledges that this settlement with the Defendant is a good faith settlement and that this Settlement Agreement is given in good faith to the Defendant who could be liable for the injuries and damages for the injuries to and death of Noah Burke, deceased claimed in the Action pursuant to §537.060 RSMo. (2016) and that it is the intent of the Parties that the Defendant be discharged and released from liability for contribution and non-contractual liability to any other person, firm, entity, and corporation for any claim asserted in the Action or that could have been asserted in the Action for the injuries to and death of Noah Burke, deceased pursuant to §537.060 RSMo. (2016).

Each Claimant acknowledges and agrees that this settlement with the Defendant is being funded by the Insurer and that the release and discharge set forth above is a General and Full Release and Discharge of All Claims of each Claimant against the Insurer, and its past, present, and future officers, directors, stockholders,

03669449.DOCX/1/2565-925                          5 of 16 pages

attorneys, attorneys-in-fact, employees, servants, representatives, parent entities, subsidiaries, affiliates, partners, assigns, and predecessors and successors in interest for all claims asserted by Plaintiff Gary Burke for and on behalf of each Claimant or that could have been asserted by Plaintiff Gary Burke for and on behalf of each Claimant in the Action against the Defendant for the injuries to and death of Noah Burke, deceased, on December 19, 2020 and all other claims against the Defendant arising out of the injuries to and death of Noah Burke, deceased.

2.    **Payments:**

In consideration of the release set forth above, the Insurer on behalf of the Defendant agrees to pay the sums outlined below:

**CASH:**

Within 10 days after the signing of this Settlement Agreement, the Claimants and their attorneys will be paid the following sums:

1) Nancy Burke, as Next Friend of ~~C.JC~~ a minor child, the sum of $127,047.03 for the payment of attorney fees, case expenses, and costs to Peterson & Associates, P.C.;

2) Tatianna Williams, as Next Friend of ~~T.W.~~ a minor child, the sum of $127,047.03 for the payment of attorney fees, case expenses, and costs to Peterson & Associates, P.C.;

3) Joshua Burke, as Next Friend of ~~A.O.B.~~ a minor child, the sum of $127,047.04 for the payment of attorney fees, case expenses, and costs to Peterson & Associates, P.C.; and

4) Nancy Burke, as Next Friend of ~~S.E.B.~~ a minor child, the sum of $127,047.04 for the payment of attorney fees, case expenses, and costs to Peterson & Associates, P.C.

**SUMMARY FOR FUTURE BENEFITS:**

A current cash cost of $466,811.86 (Four Hundred Sixty-Six Thousand Eight Hundred Eleven Dollars and Eighty-Six Cents) made payable to Mutual of Omaha Structured Settlement Company, to fund the future periodic payments ("Periodic Payments"), as follows:

**Periodic Payments, Payable to** ~~T.W.~~ ("Payee"):
$10,000.00 guaranteed lump sum, payable on 10/05/2029.

$1,552.29 payable monthly, guaranteed for eight (8) years, which is 96 payments, beginning on 10/05/2029 with the last guaranteed payment

on 09/05/2037.

$25,000.00 guaranteed lump sum, payable on 10/05/2037.

The present value of the above-referenced payments is $116,702.97.

**Periodic Payments, Payable to** *C.J.C.* ("Payee"):
$10,000.00 guaranteed lump sum, payable on 03/25/2034.
$20,000.00 guaranteed lump sum, payable on 03/25/2037.
$30,000.00 guaranteed lump sum, payable on 03/25/2041.
$257,353.17 guaranteed lump sum, payable on 03/25/2046.

The present value of the above-referenced payments is $116,702.97.

**Periodic Payments, Payable to** *A.D.B.* ("Payee"):
$10,000.00 guaranteed lump sum, payable on 10/06/2036.
$15,000.00 guaranteed lump sum, payable on 10/06/2039.
$20,000.00 guaranteed lump sum, payable on 10/06/2043.
$329,686.86 guaranteed lump sum, payable on 10/06/2048.

The present value of the above-referenced payments is $116,702.96.

**Periodic Payments, Payable to** *S.E.B.* ("Payee"):
$10,000.00 guaranteed lump sum, payable on 03/11/2039.
$20,000.00 guaranteed lump sum, payable on 03/11/2042.
$30,000.00 guaranteed lump sum, payable on 03/11/2046.
$364,597.99 guaranteed lump sum, payable on 03/11/2051.

The present value of the above-referenced payments is $116,702.96.

All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of §104(a) (2) of the Internal Revenue Code of 1986, as amended.

3.  **Claimants' Rights to Payments:**

Each Claimant acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by any Claimant or any Payee; nor shall any Claimant or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

4.  **Claimants'/Payees' Beneficiary:**

Any payment to be made after the death of any Payee pursuant to the terms of this Settlement Agreement shall be made to the Estate of Payee, unless otherwise Court ordered, until the age of majority. Upon reaching the age of majority, a Payee may

designate such person or entity in writing to the Insurer or the Insurer's Assignee. If no such person or entity is so designated by a Payee, or if the person designated is not living at the time of a Payee's, such payment shall be made to the Estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Insurer or the Insurer's Assignee. The designation must be in a form acceptable to the Insurer or the Insurer's Assignee before such payments are made.

5.    **Consent to Qualified Assignment:**

Each Claimant acknowledges and agrees that the Defendants and/or the Insurer may make a qualified assignment, within the meaning of §130(c) of the Internal Revenue code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the Periodic Payments set forth in Section 2 <u>Summary For Future Benefits</u> to **Mutual of Omaha Structured Settlement Company (the "Assignee")**. The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the Defendant and/or the Insurer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

Any such assignment, if made, shall be accepted by each Claimant without right of rejection and shall completely release and discharge the Defendant and the Insurer from the Periodic Payments obligation assigned to the Assignee. Each Claimant recognizes that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all the other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

6.    **Right to Purchase an Annuity:**

The Defendant and/or the Insurer, themselves or through their Assignee, reserve the right to fund the liability to make the Periodic Payments in Section 2 <u>Summary For Future Benefits</u> through the purchase of an annuity policy from **United of Omaha Life Insurance Company (the "Annuity Issuer")**. The Defendant, the Insurer or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Defendant, the Insurer or the Assignee may have the Annuity Issuer mail such periodic payments directly to each Payee, who shall be responsible for maintaining a current mailing address with the Annuity Issuer.

7.    **Discharge of Obligations:**

The discharge of the obligations of the Assignee to make each Periodic Payment described herein, if by check, shall occur upon the mailing of a valid check, on or before the due date, in the amount due to each Payee's address as shown in the Assignee's records, or, if by Electronic Funds Transfer (EFT), upon the electronic

transferring of such payment, on or before the due date, to each Payee's bank account as shown in the Assignee's records. In the event the check is not received, upon proper notification, Annuity Issuer will initiate stop payment procedures. Upon confirmation that the check was not cashed and stop payment effected, Annuity Issuer will reissue a replacement check.

8.  **Attorneys' Fees:**

Each party hereto shall bear and be responsible to pay all attorneys' fees and costs arising from the actions of its counsel retained by that party in connection with the claims, the Occurrence, this Settlement Agreement, the Action, and the matters and documents referred to herein.

9.  **Representation of Comprehension of Documents:**

In entering into this Settlement Agreement, each Claimant represents that each of them have relied upon the advice of Claimants' attorneys, who are the attorneys of each Claimant's own choice, concerning legal and income tax consequences of this Settlement Agreement; that the terms of this Settlement Agreement have been completely read and explained to each Claimant by their attorneys; and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by each Claimant.

10.  **Warranty of Capacity to Execute Agreement:**

Each Claimant represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of actions referred to in this Settlement Agreement, except as otherwise set forth herein; and that each Claimant has the sole right and exclusive authority to execute this Settlement Agreement and receive the sum specified in it; and that Claimants have not sold, assigned, transferred, conveyed or otherwise disposed of any claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

11.  **All Counterparts Together Shall Constitute One Agreement:**

The Claimants, Defendant, and Insurer acknowledge and agree that this Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and that the Settlement Agreement may be executed by facsimile and/or electronic signature, which shall have the same force and effect as an original signature of a Claimant, Defendant, and Insurer.

12.  **Governing Law:**

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Missouri.

13. **Additional Documents:**

All Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

14. **Entire Agreement and Successors in Interest:**

This Settlement Agreement contains the entire agreement between the Claimants, the Defendant, and the Insurer with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

15. **Effectiveness:**

This Settlement Agreement shall become effective following execution by all Parties.

16. **Approval of the Settlement by the Court:**

This Settlement Agreement is being executed pursuant to the Judgment of the United States District Court for the Eastern District of Missouri, Southeastern Division dated May 5, 2023 filed in Case No. 1:22-CV-00006-ACL approving the settlement for the injuries to and death of Noah Burke, deceased, the distribution of the settlement proceeds to the heirs and beneficiaries of Noah Burke, deceased, and the settlement of the claims of the Claimants, by and through their Next Friends, from the settlement approved by the Court and the Order of the Court Approving the purchase of annuities from the Minors' distribution of the Settlement Proceeds from the Settlement Approved by the Court For the Injuries to and Death of Noah Burke, deceased dated June 5th, 2023 filed in Case No. 1:22-CV-00006-ACL.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Settlement Agreement in multiple originals.

*(Space Intentionally Left Blank)*

03869449.DOCX/1/2565-925

Claimants *C.J.C.* and *S.E.B.* minor children, by and through Nancy Burke, as Next Friend of *C.J.C.* and *S.E.B.* minor children

DATE 6/15/23

By: *Nancy G. Burke*
Nancy Burke, as Next Friend of *S.E.B.* and *C.J.C.* minor children, by and through Nancy Burke, as Next Friend of *C.J.C.* and *S.E.B.* minor children

STATE OF Missouri )
                          ) ss.
COUNTY OF Butler )

On this 15 day of June, 2023, before me personally appeared **Nancy Burke**, as the Next Friend of *C.J.C.* and *S.E.B.* minor children, to me known to be the individual who executed this Settlement Agreement and General and Full Release of All Claims, for and on behalf of *C.J.C.* and *S.E.B.* minor children, and acknowledged that she fully understood the contents of this Settlement Agreement and General and Full Release of All Claims, freely executed the same for the sole consideration therein expressed, and upon the advice of her attorneys.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal on the day and year first above written.

Notary Public

My Commission expires:

PAULA EMERY GOWEN
Notary Public - Notary Seal
STATE OF MISSOURI
Butler County
My Commission Expires: September 8, 2026
Commission # 14517077

03669449.DOCX/1/2555-925

Claimant _____ *T.W.* _____ a minor child, by and
through Tatianna Williams, as Next Friend, of
*T.W.* , a minor child

DATE 6-12-23

By: _Tatianna Williams_
Tatianna Williams, as Next Friend of
, a minor child    *T.W.*

STATE OF _____ )

COUNTY OF _____ ) ss.
                              )

On this _____ day of June, 2023, before me personally appeared **Tatianna Williams**, as the Next Friend of . *T.W.* a minor child, to me known to be the individual who executed this Settlement Agreement and General and Full Release of All Claims, for and on behalf of *T.W.* , a minor child, and acknowledged that she fully understood the contents of this Settlement Agreement and General and Full Release of All Claims, freely executed the same for the sole consideration therein expressed, and upon the advice of her attorneys.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal on the day and year first above written.

_Aimee Million_
Notary Public

*[Notary seal: AIMEE MILLION, NOTARY PUBLIC - NOTARY SEAL, STATE OF MISSOURI, Butler County, Commission # 22199841, My Commission Expires: 01-18-20__]*

*A.D.B.*

Claimant _____→ a minor child, by and
through Joshua Burke, as Next Friend of
_____, a minor child

*A.D.B.*

DATE 6-16-2023

By: _____
Joshua Burke, as Next Friend of
a minor child

*A.D.B.*

STATE OF __Missouri__ )
                       ) ss.
COUNTY OF __Butler__   )

On this __16th__ day of June, 2023, before me personally appeared **Joshua Burke**, as the Next Friend of _____, a minor child, to me known to be the individual who executed this Settlement Agreement and General and Full Release of All Claims, for and on behalf of _____ a minor child, and acknowledged that he fully understood the contents of this Settlement Agreement and General and Full Release of All Claims, freely executed the same for the sole consideration therein expressed, and upon the advice of his attorneys.

*A.D.B.*  *A.D.B.*

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal on the day and year first above written.

_Stacy L. Rommel_
Notary Public

My Commission expires: 4-11-2024

STACY L. ROMMEL
Notary Public - Notary Seal
State of Missouri
Commissioned for Butler County
My Commission Expires: April 11, 2024
Commission Number: 12382162

03689449.DOCX/1/2565-925

13 of 16 pages

Claimant Gary Burke, on behalf of the Wrongful Death Class

DATE 6-15-23

By: _____
Gary Burke, on behalf of the Wrongful Death Class

STATE OF Missouri )
                   ) ss.
COUNTY OF Butler )

On this 15 day of June, 2023, before me personally appeared **Gary Burke**, on behalf of the Wrongful Death Class, to me known to be the individual who executed this Settlement Agreement and General and Full Release of All Claims, for and on behalf of himself and the Wrongful Death Class, and acknowledged that he fully understood the contents of this Settlement Agreement and General and Full Release of All Claims, freely executed the same for the sole consideration therein expressed, and upon the advice of his attorneys.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal on the day and year first above written.

_____
Notary Public

My Commission expires:

```
PAULA EMERY GOWEN
Notary Public - Notary Seal
STATE OF MISSOURI
Butler County
My Commission Expires: September 8, 2026
Commission # 14517077
```

Insurer:    Star Insurance Company (For Insurer and Defendant)

Dated: 6-6-2023

By: _____
Nicholas J. Meinheit

Title: Assistant Vice President-Litigation/
Managing Claims Attorney

STATE OF Kansas          )
                         ) ss.
COUNTY OF Johnson        )

On this 6th day of June, 2023, before me personally appeared **Nicholas J. Meinheit,** Assistant Vice President-Litigation/Managing Claims Attorney for **Star Insurance Company,** to me known to be the individual who executed this Settlement Agreement and General and Full Release of All Claims, for and on behalf of **Star Insurance Company and the Defendant,** and acknowledged that he fully understood the contents of this Settlement Agreement and General and Full Release of All Claims, freely executed the same for the sole consideration therein expressed, and upon the advice of the attorney for Defendant.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal on the day and year first above written.

_____
Notary Public

My Commission expires:

NOTARY PUBLIC
STATE OF KANSAS
BLAKE MASON
My Appointment Expires: 10/11/23

03669449.DOCX/1/2565-925

APPROVED AS TO FORM AND CONTENT:

PETERSON & ASSOCIATES, P.C.

By: _____

Kevin T. Young, #62451MO
801 W. 47th Street, Suite 107
Kansas City, MO 64112
Telephone: (816) 531-4440
Facsimile: (816) 531-0660
kty@petersonlawfirm.com
Attorney for Claimants

PAULE, CAMAZINE & BLUMENTHAL, P.C.

A Professional Corporation

By: _____

D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
Clayton (St. Louis), MO 63105
Telephone: (314) 727-2266
Facsimile: (314) 727-2101
khenson@pcblawfirm.com
Attorney for Defendant

03069449.DOCX/1/2565-925

# Qualified Assignment and Release Agreement
## *In Accordance With Internal Revenue Code Section 130*

"Claimant(s)": _T.W. , C.J.G. A.D.B. and S.E.B._

Gary Burke, individually, and on behalf of the Wrongful Death Class _____children and

"Assignor": Star Insurance Company

"Settlement Agreement": Settlement Agreement and General and Full Release of All Claims for the Inuies to and Death of Noah Burke, Deceased, dated June 16, 2023

[Date and title of settlement agreement, order or other document embodying the
Assignor's obligation to make the agreed periodic payments]

"Assignee": Mutual of Omaha Structured Settlement Company ("MOSSCO")

"Annuity Issuer": United of Omaha Life Insurance Company ("United")

"Effective Date": August 18, 2023

This Qualified Assignment and Release Agreement is made and entered into as of the Effective Date by and among the undersigned parties with reference to the following facts:

A   Claimant(s) and Assignor are parties to or are otherwise subject to or entitled to receive payments under the above-referenced Settlement Agreement, under which Assignor has liability to make certain periodic payments to or for the benefit of Claimant(s) as specified or referred to in paragraph 12 of this Agreement (the "Periodic Payments"); and

B   Assignor and MOSSCO wish to effect a "qualified assignment" within the meaning and subject to the conditions of Section 130(c) of the Internal Revenue Code of 1986, as amended (the "Code").

Now, therefore, in consideration of the foregoing and for other good and valuable consideration, the parties agree as follows:

1.  **Assignment and Assumption; Release of Assignor.** Assignor hereby assigns to MOSSCO, and MOSSCO hereby accepts and assumes, all of Assignor's liability to make the Periodic Payments. Each Claimant hereby accepts and consents to such assignment by Assignor and assumption by MOSSCO. Effective on the Effective Date, each Claimant hereby releases and discharges Assignor from all liability to make the Periodic Payments.

2.  **Nature of Periodic Payments.** The Periodic Payments constitute

    i.   damages (other than punitive damages), whether by suit or agreement, or

    ii.  compensation under a workers' compensation act,

    on account of personal injury or sickness in a case involving physical injury or physical sickness, within the meaning of Sections 130(c) and 104(a) of the Code.

3.  **Extent of MOSSCO's Liability.** MOSSCO's liability to make the Periodic Payments shall be no greater than the liability of Assignor immediately prior to the Effective Date. MOSSCO assumes no liability other than the liability to make the Periodic Payments. MOSSCO's liability to make the Periodic Payments shall be unaffected by any bankruptcy or insolvency of Assignor.

4.  **Qualified Funding Asset.** MOSSCO will fund the Periodic Payments by purchasing from United a "qualified funding asset," as defined in Section 130(d) of the Code, in the form of an annuity contract (the "Annuity") issued by United and providing for payments corresponding to the Periodic Payments. MOSSCO shall be

**EXHIBIT B**

designated as the owner of the Annuity. All rights of legal ownership and control of the Annuity shall (subject to paragraph 9 of this Agreement) be and remain vested exclusively in MOSSCO; provided, however, that the Annuity shall be used by MOSSCO to fund the Periodic Payments and shall at all times be designated by MOSSCO on its records as being taken into account, under Section 130 of the Code, with respect to this Agreement. Notwithstanding anything to the contrary contained in this Agreement, neither any Claimant nor any Successor Payee shall have any rights with respect to the Annuity or the payments thereunder that would cause any amount attributable to the Annuity to be currently includible in the recipient's income or would otherwise affect the determination of when any recipient is treated as having received any payment for income tax purposes, or would otherwise prevent this Agreement from satisfying all of the conditions for a "qualified assignment" within the meaning of Section 130(c) of the Code.

5. **Delivery of Payments.** MOSSCO may have United send payments directly to a Claimant, or, if applicable, to a Successor Payee (as defined in paragraph 8 of this Agreement), or deliver payments by electronic funds transfer to an FDIC-insured depository institution in the United States for credit (directly or indirectly) to an insured account in the name of such Claimant or Successor Payee. Such direction of payments under the Annuity shall not be deemed to afford the Claimant or any Successor Payee any rights of ownership or control of the Annuity. Each Claimant and any Successor Payee shall at all times keep United apprised of such Claimant's or Successor Payee's current street address and telephone number and, if such Claimant or Successor Payee receives payments by electronic funds transfer, the name, address, bank identifier number (BIN) and telephone number of the applicable depository institution and the account number of the account to which the payments are to be credited.

6. **Discharge of Liability.** MOSSCO's liability to make each Periodic Payment to the Claimant or Successor Payee designated to receive such payment shall be discharged automatically at such time as a corresponding payment is made to such Claimant or Successor Payee by United.

7. **Acceleration, Transfer of Payment Rights.** None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing hereinafter collectively referred to as "Payment Rights") can be

   i. Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

   ii. Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.

   No Claimant or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

8. **Contingent Beneficiaries.** Any Periodic Payments to be made after the death of any Claimant or Successor Payee shall be made to such party as shall have been designated in, or in accordance with, the Settlement Agreement or, if the Settlement Agreement does not provide for such designation, then to the party designated in conformity with this paragraph 8. Any party so designated is referred to in this Agreement as a "Contingent Beneficiary." If no Contingent Beneficiary is living at the time of the death of a Claimant or Successor Payee, payment shall be made to the decedent's estate. As used in this Agreement the term "Successor Payee" refers to a Contingent Beneficiary or an estate that has become entitled to receive Periodic Payments following the death of a Claimant or a Successor Payee. Except as otherwise provided in the Settlement Agreement, no designation or change of designation of a Contingent Beneficiary shall be effective unless such change (i) is requested in a written request submitted to MOSSCO (or its authorized agent) in accordance with MOSSCO's customary procedures for processing such requests; and (ii) is confirmed by MOSSCO (or its authorized agent). Except for a designation that is expressly identified in the Settlement Agreement as irrevocable, any designation of a Contingent Beneficiary shall be deemed to be revocable; and no party that is designated as a Contingent Beneficiary (other than a party irrevocably designated as a Contingent Beneficiary in the Settlement Agreement) shall, solely by virtue of its designation as a Contingent Beneficiary, be deemed to have any cognizable interest in any Periodic Payments.

9. **Failure to Satisfy Section 130(c).** If at any time prior to completion of the Periodic Payments, the Settlement Agreement is declared terminated in a final, non-appealable order of a court of competent jurisdiction (or in the case of a workers' compensation settlement, a final order of the applicable workers' compensation authority) or

RPD957                                         2

07/12

if it is determined in any such final order that the requirements of Section 130(c) of the Code have not been satisfied in connection with this Agreement: (i) the assignment by Assignor to MOSSCO of the liability to make the Periodic Payments, MOSSCO's acceptance of such assignment and the release by Claimant(s) of Assignor's liability shall be of no force or effect; (ii) MOSSCO shall be conclusively deemed to be acting as the agent of Assignor; (iii) the Annuity shall be owned by Assignor, which shall retain the liability to make the Periodic Payments; (iv) MOSSCO shall have no liability to make any Periodic Payments; and (v) the parties hereto agree to take such actions as may be necessary or appropriate to implement the foregoing.

10. **Governing Law; Disclosure of Certain Tax Information; Binding Effect.**

   (i) This Agreement shall be governed by and interpreted in accordance with the internal laws of the State of Nebraska_____, without regard to the conflicts of laws provisions of that or any other state; provided, however, that any Transfer of Payment Rights under this Agreement may be subject to the laws of a different state than designated above.

   (ii) This Agreement shall be binding upon the parties hereto and their respective successors, heirs, executors, administrators and permitted assigns, including without limitation any party asserting an interest in Payment Rights.

11. **Advice, Comprehension of Agreement.** In entering into this Agreement, each Claimant represents and warrants that (i) such Claimant has relied solely upon the legal and tax advice of such Claimant's own attorneys and other advisors, who are the attorneys and advisors of such Claimant's choice, concerning the legal and income tax consequences of this Agreement; and (ii) the terms of this Agreement have been completely read by and explained to such Claimant and are fully understood and voluntarily accepted by such Claimant.

12. **Description of Periodic Payments.** The Periodic Payments are as set forth in the attached **Addendum No. 1,** which is hereby incorporated in and made a part of this Agreement.

**This Qualified Assignment and Release Agreement** is signed in one or more counterparts as of the Effective Date by the following:

Assignor: Star Insurance Company _____

By: _____
         Authorized Representative

Title: _____

Claimants T.W., C.J.C., A.D.B.
S.E.B. _____ minor children; and Gary Burke, individually, and on behalf of the Wrongful Death Class.

Tatiana Williams, as Next Friend and on behalf of  T.W.  a minor child.

Nancy Burke, as Next Friend and on behalf of C.J.C. and  S.E.B. , minor children.

Joshua Burke, as Next Friend and on behalf of  a minor child.
RPD957  A.D.B

Assignee:  **Mutual of Omaha Structured Settlement Company**

By: _Melanie S Patton_
         Authorized Representative

Title: Vice President

*Approved as to Form and Content:*

_____
Claimant's Attorney

_____
Gary Burke, on behalf of The Wrongful Death Class.

3

07/12

if it is determined in any such final order that the requirements of Section 130(c) of the Code have not been satisfied in connection with this Agreement: (i) the assignment by Assignor to MOSSCO of the liability to make the Periodic Payments, MOSSCO's acceptance of such assignment and the release by Claimant(s) of Assignor's liability shall be of no force or effect; (ii) MOSSCO shall be conclusively deemed to be acting as the agent of Assignor; (iii) the Annuity shall be owned by Assignor, which shall retain the liability to make the Periodic Payments; (iv) MOSSCO shall have no liability to make any Periodic Payments; and (v) the parties hereto agree to cooperate in taking such actions as may be necessary or appropriate to implement the foregoing.

10. **Governing Law; Disclosure of Certain Tax Information; Binding Effect.**

(i) This Agreement shall be governed by and interpreted in accordance with the internal laws of the State of Nebraska _____, without regard to the conflicts of laws provisions of that or any other state; provided, however, that any Transfer of Payment Rights under this Agreement may be subject to the laws of a different state than designated above.

(ii) This Agreement shall be binding upon the parties hereto and their respective successors, heirs, executors, administrators and permitted assigns, including without limitation any party asserting an interest in Payment Rights.

11. **Advice, Comprehension of Agreement.** In entering into this Agreement, each Claimant represents and warrants that (i) such Claimant has relied solely upon the legal and tax advice of such Claimant's own attorneys and other advisors, who are the attorneys and advisors of such Claimant's choice, concerning the legal and income tax consequences of this Agreement; and (ii) the terms of this Agreement have been completely read by and explained to such Claimant and are fully understood and voluntarily accepted by such Claimant.

12. **Description of Periodic Payments.** The Periodic Payments are as set forth in the attached **Addendum No. 1,** which is hereby incorporated in and made a part of this Agreement.

This **Qualified Assignment and Release Agreement** is signed in one or more counterparts as of the Effective Date by the following:

Assignor: Star Insurance Company

Assignee: Mutual of Omaha Structured Settlement Company

By: _____
      Authorized Representative

By: _____
      Authorized Representative

Title: _____

Title: _____

Claimants  T.W., C.J.C., A.O.B.
S.E.B. _____, minor children; and Gary Burke, individually, and on behalf of the Wrongful Death Class.

_Approved as to Form and Content:_

_____
Tatiana Williams, as Next Friend and on behalf of _____, a minor child.

_____
Claimant's Attorney

_____
Nancy Burke, as Next Friend and on behalf of _____
      C.J.C. and S.E.B. minor children.

_____
Gary Burke, on behalf of The Wrongful Death Class.

_____
Joshua Burke, as Next Friend and on behalf of _____ a minor child.

RPD957   A.O.B.

3

07/12

if it is determined in any such final order that the requirements of Section 130(c) of the Code have not been satisfied in connection with this Agreement: (i) the assignment by Assignor to MOSSCO of the liability to make the Periodic Payments, MOSSCO's acceptance of such assignment and the release by Claimant(s) of Assignor's liability shall be of no force or effect; (ii) MOSSCO shall be conclusively deemed to be acting as the agent of Assignor; (iii) the Annuity shall be owned by Assignor, which shall retain the liability to make the Periodic Payments; (iv) MOSSCO shall have no liability to make any Periodic Payments; and (v) the parties hereto agree to cooperate in taking such actions as may be necessary or appropriate to implement the foregoing.

10. **Governing Law; Disclosure of Certain Tax Information; Binding Effect.**

   (i)  This Agreement shall be governed by and interpreted in accordance with the internal laws of the State of Nebraska _____, without regard to the conflicts of laws provisions of that or any other state; provided, however, that any Transfer of Payment Rights under this Agreement may be subject to the laws of a different state than designated above.

   (ii) This Agreement shall be binding upon the parties hereto and their respective successors, heirs, executors, administrators and permitted assigns, including without limitation any party asserting an interest in Payment Rights.

11. **Advice, Comprehension of Agreement.** In entering into this Agreement, each Claimant represents and warrants that (i) such Claimant has relied solely upon the legal and tax advice of such Claimant's own attorneys and other advisors, who are the attorneys and advisors of such Claimant's choice, concerning the legal and income tax consequences of this Agreement; and (ii) the terms of this Agreement have been completely read by and explained to such Claimant and are fully understood and voluntarily accepted by such Claimant.

12. **Description of Periodic Payments.** The Periodic Payments are as set forth in the attached **Addendum No. 1,** which is hereby incorporated in and made a part of this Agreement.

**This Qualified Assignment and Release Agreement** is signed in one or more counterparts as of the Effective Date by the following:

Assignor: Star Insurance Company _____   Assignee:   **Mutual of Omaha Structured Settlement Company**

By: _____ Nicholas Meinheit _____   By: _____
   Authorized Representative                          Authorized Representative

Title:  AVP Litigation/Managing Claims Attorney  Title: _____

Claimants   T.W., C.J.C., A.D.B.
   S.E.B. _____ minor children; and Gary Burke, individually,  and   *Approved as to Form and Content:*
   and on behalf of the Wrongful Death Class.

Tatiana Williams, as Next Friend and on      Claimant's Attorney
behalf of   T.W.  a minor child.

Nancy Burke, as Next Friend and on
behalf of _____ minor children.  C.J.C and S.E.B.   Gary Burke, on behalf of The
                                   Wrongful Death Class.

Joshua Burke, as Next Friend and on
behalf of _____ a minor child.
RPD957   A.D.B.                   3                              07/12

# Addendum No. 1
## Description of Periodic Payments

*T.W.*

To:                    ("Payee"):
Benefits: $10,000.00 guaranteed lump sum, payable on 10/05/2029.
$1,552.29 payable monthly, guaranteed for eight (8) years, which is 96 months, beginning on 10/05/2029 with the last guaranteed payment on 09/05/2037.
$25,000.00 guaranteed lump sum, payable on 10/05/2037.

*C.J.C.*

To:                    ("Payee"):
Benefits: $10,000.00 guaranteed lump sum, payable on 03/25/2034.
$20,000.00 guaranteed lump sum, payable on 03/25/2037.
$30,000.00 guaranteed lump sum, payable on 03/25/2041.
$257,353.17 guaranteed lump sum, payable on 03/25/2046.

*A.D.B.*

To:                    ("Payee"):
Benefits: $10,000.00 guaranteed lump sum, payable on 10/06/2036.
$15,000.00 guaranteed lump sum, payable on 10/06/2039.
$20,000.00 guaranteed lump sum, payable on 10/06/2043.
$329,686.86 guaranteed lump sum, payable on 10/06/2048.

*S.E.B.*

To:                    ("Payee"):
Benefits: $10,000.00 guaranteed lump sum, payable on 03/11/2039.
$20,000.00 guaranteed lump sum, payable on 03/11/2042.
$30,000.00 guaranteed lump sum, payable on 03/11/2046.
$364,597.99 guaranteed lump sum, payable on 03/11/2051.

Initials

Assignor:

MOSSCO:

Claimant:

Attorney(s) for
Claimant:

RPD957                                    4                              07/12

# Addendum No. 1
## Description of Periodic Payments

*T. W*

To: _____ ("Payee"):

Benefits: $10,000.00 guaranteed lump sum, payable on 10/05/2029.
$1,552.29 payable monthly, guaranteed for eight (8) years, which is 96 months, beginning on 10/05/2029 with the last guaranteed payment on 09/05/2037.
$25,000.00 guaranteed lump sum, payable on 10/05/2037.

*C. J. C.*

To _____ ("Payee"):

Benefits: $10,000.00 guaranteed lump sum, payable on 03/25/2034.
$20,000.00 guaranteed lump sum, payable on 03/25/2037.
$30,000.00 guaranteed lump sum, payable on 03/25/2041.
$257,353.17 guaranteed lump sum, payable on 03/25/2046.

*A. D. B.*

To: _____ ("Payee"):

Benefits: $10,000.00 guaranteed lump sum, payable on 10/06/2036.
$15,000.00 guaranteed lump sum, payable on 10/06/2039.
$20,000.00 guaranteed lump sum, payable on 10/06/2043.
$329,686.86 guaranteed lump sum, payable on 10/06/2048.

*S. E. B.*

To: _____ ("Payee"):

Benefits: $10,000.00 guaranteed lump sum, payable on 03/11/2039.
$20,000.00 guaranteed lump sum, payable on 03/11/2042.
$30,000.00 guaranteed lump sum, payable on 03/11/2046.
$364,597.99 guaranteed lump sum, payable on 03/11/2051.

Initials

Assignor: _____

MOSSCO: _____

Claimant: _____

Attorney(s) for
Claimant: _____

RPD957                                  4

07/12

# Addendum No. 1
## Description of Periodic Payments

*T.W.*

To:                    ("Payee"):
Benefits: $10,000.00 guaranteed lump sum, payable on 10/05/2029.
          $1,552.29 payable monthly, guaranteed for eight (8) years, which is 96 months, beginning on 10/05/2029 with
                the last guaranteed payment on 09/05/2037.
          $25,000.00 guaranteed lump sum, payable on 10/05/2037.

*C.J.C.*

To:                    (""Payee"):
Benefits: $10,000.00 guaranteed lump sum, payable on 03/25/2034.
          $20,000.00 guaranteed lump sum, payable on 03/25/2037.
          $30,000.00 guaranteed lump sum, payable on 03/25/2041.
          $257,353.17 guaranteed lump sum, payable on 03/25/2046.

*A.D.B.*

To:                    ("Payee"):
Benefits: $10,000.00 guaranteed lump sum, payable on 10/06/2036.
          $15,000.00 guaranteed lump sum, payable on 10/06/2039.
          $20,000.00 guaranteed lump sum, payable on 10/06/2043.
          $329,686.86 guaranteed lump sum, payable on 10/06/2048.

*S.E.B.*

To:                    (""Payee"):
Benefits: $10,000.00 guaranteed lump sum, payable on 03/11/2039.
          $20,000.00 guaranteed lump sum, payable on 03/11/2042.
          $30,000.00 guaranteed lump sum, payable on 03/11/2046.
          $364,597.99 guaranteed lump sum, payable on 03/11/2051.

Initials

Assignor: _____

MOSSCO: _____

Claimant: _____

Attorney(s) for
Claimant: _____

RPD957                                    4

07/12

**DocuSign**

## Certificate Of Completion

Envelope Id: 991EA5F244844AC994742495A49EFB67
Subject: Complete with DocuSign: Burke, Estate - QAR Mutual revised 05252023.pdf
Source Envelope:

Document Pages: 4
Certificate Pages: 4
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Signatures: 1
Initials: 1

Status: Completed

Envelope Originator:
Carolyn Brock
cbrock@jcrsettlements.com
IP Address: 70.133.222.215

### Record Tracking

Status: Original
6/8/2023 6:26:43 AM

Holder: Carolyn Brock
cbrock@jcrsettlements.com

Location: DocuSign

### Signer Events

Nicholas Meinheit
nicholas.meinheit@ameritrustgroup.com
AVP Litigation/Managing Claims Attorney
Security Level: Email, Account Authentication
(None)

**Signature**

Signature Adoption: Drawn on Device
Using IP Address: 204.89.56.138

**Timestamp**

Sent: 6/8/2023 6:31:52 AM
Viewed: 6/8/2023 7:08:01 AM
Signed: 6/8/2023 7:10:36 AM

Electronic Record and Signature Disclosure:
  Accepted: 6/8/2023 7:08:01 AM
  ID: ad280e1a-1679-4e7e-87c8-7a3f211f58ec

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 6/8/2023 6:31:52 AM |
| Certified Delivered | Security Checked | 6/8/2023 7:08:01 AM |
| Signing Complete | Security Checked | 6/8/2023 7:10:36 AM |
| Completed | Security Checked | 6/8/2023 7:10:36 AM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**